UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.

| | |
|---|---|
| CHRISTOPHER W. LEGG, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> LABORATORY CORPORATION OF AMERICA HOLDINGS, a Delaware corporation, <br><br> Defendant. | **CLASS ACTION** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE FAIR AND ACCURATE CREDIT TRANSACTIONS ACT, 15 U.S.C. § 1681c(g)**

Plaintiff Christopher W. Legg ("Plaintiff"), on behalf of himself and other similarly situated individuals, alleges the following, in relevant part, upon information and belief, and his own personal knowledge.

### I. *NATURE FOF THE CASE*

1. This class action complaint is based upon Defendant's violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, as amended (the "FCRA"). Specifically, this action is based upon Section 1681c(g) of the FCRA which states

1

that, "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction." Despite the clear language of the statute, Defendant simply and willfully chose not to comply with the FCRA. As such, all consumers who purchase goods and services from Defendant using a credit or debit card suffered violations of Section 1681c(g), have been uniformly burdened with an elevated risk of identity theft, and are entitled to an award of statutory damages.

## II.   *JURISDICTION AND VENUE*

2.  This Court has jurisdiction under 15 U.S.C. § 1681p, and 28 U.S.C. §§ 1331 and 1337 because the claims in this action arise under violation of a federal statute.

3.  Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred here. Defendant does business in this District and its contacts here are sufficient to subject it to personal jurisdiction.

## III.   *PARTIES*

4.  Plaintiff Christopher W. Legg ("Plaintiff") is a natural person, who resides in the State of Florida, Broward County.

5. Defendant, Laboratory Corporation of America Holdings ("LabCorp" or "Defendant"), is a Delaware corporation whose principal office is located at 231 Maple Avenue, Burlington, NC 27216, and whose registered agent for service of process in the State of Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

### IV.   FACTUAL ALLEGATIONS

#### A.   Statutory Background

6. In 2003, FACTA was enacted by Congress, and signed into law by President George W. Bush. One of FACTA's primary purposes was to amend the FCRA through the addition of identity theft protections for consumers.

7. One such FACTA provision was specifically designed to thwart identity thieves' ability to gain sensitive information regarding a consumer's credit or bank account from a receipt provided to the consumer during a point of sale transaction, which, through any number of ways, could fall into the hands of someone other than the consumer.

8. Codified at 15 U.S.C. § 1681c(g), this provision states the following:

*Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.*

(hereinafter, the "Receipt Provision").

9.      After enactment, FACTA provided three years in which to comply with its requirements, mandating full compliance with its provisions no later than December 4, 2006.

10.     According to data from the Federal Trade Commission's 2012 Consumer Sentinel Network report, Florida ranks No. 1 for identity theft among the 50 states, with 361.3 complaints per 100,000 people. That's 86 percent more than Georgia, which ranks a distant second. Also, nine of the top 10 metro areas for identity theft are in Florida, according to the report. First is the Miami area with 645.4 complaints per 100,000 people.[1]

11.     So problematic is the crime of identity theft that the three main credit reporting agencies, Experian, Equifax, and Transunion, joined to set-up a free website (<http://www.annualcreditreport.com>) in order to comply with FACTA requirements and to provide the citizens of this country with a means of monitoring their credit reports for possible identity theft.

### B.  *Plaintiff's Factual Allegations*

12.     On July 3, 2014, Plaintiff visited Defendant's Hollywood, Florida location at which time he paid, using a VISA® credit card, for routine laboratory tests. Upon making payment, he was provided with an electronically printed receipt which included the expiration date of Plaintiff's credit card.

---

[1] http://www.wptv.com/money/consumer/identity-theft-florida-ranks-no-1-in-nation-for-id-theft (Last accessed: July 6, 2013).

### C. *Defendant's Misdeeds*

13. At all times relevant herein, Defendant was acting by and though its agents, servants and/or employees, each of which were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant.

14. At all times relevant herein, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was in willful and reckless disregard for federal law and the rights of the Plaintiff.

15. It is Defendant's policy and procedure to issue an electronically printed receipt to individuals at the point of sale – *i.e.*, immediately upon receipt of credit card payment.

16. Consistent with Defendant's policy and procedure, Defendant knowingly and intentionally includes credit and debit card expiration dates on its electronically printed receipts.

17. Along with the expiration date, the receipt generated at the point of sale also displays certain other sensitive information, including the consumer's name, address, telephone number, type of credit card, and date of service.

18. The expiration dates are not printed accidentally; upon information and belief, the equipment and software used to print the receipts must be

programmed to display certain information, and likewise, programmed not to display certain information.

19. The fact that Defendant chose to comply with the credit card *number* redaction requirement is highly suggestive of the fact that LabCorp had knowledge of the statute's requirements. Moreover, unlike some more nebulous FACTA-related issues (*e.g.*, whether the statute covers "membership cards" – *See Hammer v. Sam's East, Inc.*, No. 13-3724 (8th Cir., June 5, 2014)), the requirement to redact expiration dates could not be any more straightforward - the statute expressly prohibits display of a credit card's expiration date, *supra*.

20. Upon information and belief, the FTC specifically alerted businesses about the truncation requirement; major credit card issuers (*e.g.*, American Express) also explicitly instructed merchants on the requirements of FACTA, and; Defendant therefore would have received multiple notices regarding the truncation requirement and the importance of identity theft.

21. Moreover, at some point prior to the filing of this complaint, Defendant retained the services of the international law firm, Jones Day, who advised the Defendant regarding certain FACTA requirements specifically related to identity theft.[2]

---

[2] http://www.jonesday.com/experiencepractices/ExperienceDetail.aspx?experienceid=24830 (Last accessed: July 6, 2014).

22. Notwithstanding the fact that it has had years to comply, Defendant continues to issue receipts at points of sale transaction, which contain the expiration date of credit or debit cards, in direct violation of the Receipt Provision of the FCRA.

23. Notwithstanding the Receipt Provision, Defendant continues to deliberately, willfully, intentionally, and/or recklessly violate FACTA by issuing receipts which to not comply with the FCRA.

24. Notwithstanding the Receipt Provision and the fact that it had years to comply, Defendant continues to act in conscious disregard for the rights of others.

25. In sum, Defendant knowingly and intentionally violated the Receipt Provision of FACTA, in conscious disregard for the rights and privacy concerns of others, and in doing so, committed willful violation of the FACTA provision of the FCRA. *See Reynolds v. Hartford Financial Services Grp.*, 435 F.3d 1081, 1098 (9th Cir. 2006).

### V.  CLASS ACTION ALLEGATIONS

26. This action is also brought as a Class Action under Fed. R. Civ. P. 23. Plaintiff proposes the following class, defined as follows, subject to modification by the Court as required:

> *(i) All persons in the United States (ii) who, when making payment to LabCorp, (iii) made such payment using a credit or debit card, (iv) and within the five (5) years prior to the filing of the complaint (v) were provided*

*with a receipt of the payment (vi) which displayed the expiration date of said credit or debit card.*

27. The named Plaintiff falls within the Class definition and is a member of the class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, Plaintiff's attorneys and their employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death, and/or emotional distress.

### A. *Certification Under Either Rule 23(b)(2) or (b)(3) is Proper.*

28. The members of the class are capable of being described without managerial or administrative problems. The members of the class are readily ascertainable from the information and records in the possession, custody or control of Defendant.

29. Defendant is a major provider of laboratory related services throughout the United States. Plaintiff states, upon information and belief that Defendant processes laboratory tests on approximately 470,000 specimens per day.[3] Therefore, it is reasonable to conclude that the class is sufficiently numerous such that individual joinder of all members is impractical. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court

---

[3] https://www.labcorp.com/wps/portal/aboutus/ (Last accessed: July 6, 2014)

8

in avoiding a multiplicity of identical suits. The Class can be identified through Defendant's records or Defendant's agents' records.

30. There are common questions of law and fact which predominate over any questions affecting only the individual members of the classes. The wrongs alleged against Defendants are statutory in nature and common to each and every member of the respective classes.

31. This suit seeks only statutory damages and injunctive relief on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

32. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions that may affect individual Class members, including the following:

   a. Whether, within the five years prior to the filing of this Complaint, Defendant and/or their agents accepted payment by credit or debit card from any consumer and subsequently gave that consumer a printed receipt upon which the expiration date of the card was printed;

   b. Whether Defendant's conduct was willful and reckless;

    c. Whether Defendant is liable for damages, and the extent of statutory damages for each such violation; and

    d. Whether Defendant should be enjoined from engaging in such conduct in the future.

33. As a person that utilized Defendant's laboratory services and received a receipt upon which the expiration date of his card was printed, Plaintiff is asserting claims that are typical of the proposed Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

34. The principal question is whether the Defendant violated section 1681c(g) of the FCRA by providing class members with electronically printed receipts in violation of the Receipt Provision. The secondary question is whether it is Defendant's policy and practice to provide such electronically printed receipts to consumers that make payment using a credit or debit card, despite the advice of one of the nation's largest law firms, and whether this policy and practice constitutes willful noncompliance of the FCRA.

35. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law would be allowed to proceed without remedy and

Defendant would undoubtedly continue such illegal conduct.  Because of the size of the individual Class members' claims, few Class members could afford to seek legal redress for the wrongs complained of herein.

36. Defendant's defenses are and will be typical of and the same or identical for each of the members of the class and will be based on the same legal and factual theories. There are no unique defenses to any of the class members' claims.

37. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small. The maximum statutory damages in an individual action for a violation of this statute is minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### *COUNT I – VIOLATIONS OF 15 U.S.C. § 1681(c)(g)*

38. 15 U.S.C. §1681c(g) states as follows:

*Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business*

11

*shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.*

39. This section applies to any "device that electronically prints receipts" (hereafter "Devices") for point of sale transactions. 15 U.S.C. §1681c(g)(3).

40. Defendant employs the use of said Devices for point of sale transactions at the various locations of Defendant.

41. On or before the date on which this complaint was filed, Plaintiff and members of the Class were provided receipt(s) by Defendant that failed to comply with the Receipt Provision.

42. At all times relevant to this action, Defendant was aware, or should have been aware, of both the Receipt Provision as well as the need to comply with said provision.

43. Notwithstanding the three year period to prepare for FACTA and its accompanying provisions, including but not limited to the Receipt Provision; knowledge of the Receipt Provision and FACTA as a whole; and the actions of Defendant's peers and competitors, Defendant knowingly, willfully, intentionally, and/or recklessly violated and continues to violate the FCRA and the Receipt Provision.

44. As a result of Defendant's willful violations of the FCRA, Plaintiff and members of the Class continue to be exposed to an elevated risk of identity

theft. Defendant is liable to Plaintiff and members of the Class pursuant to 15 U.S.C. § 1681n for statutory damages, punitive damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff Christopher W. Legg respectfully requests that this Court enter judgment in his favor and against Defendant Laboratory Corporation of America Holdings for:

a. Statutory damages;

b. Punitive damages;

c. Injunctive relief;

d. Attorneys' fees, litigation expenses and costs of suit, and

e. Such other and further relief as the Court deems proper under the circumstances.

## JURY DEMAND

**Plaintiff demands a trial by jury on all counts.**

Dated: July 6, 2014.

>Respectfully submitted,
>
>By: /s/ *Scott D. Owens*
>Scott D. Owens, Esq.
>Florida Bar No. 0597651
>SCOTT D. OWENS, P.A.
>664 E. Hallandale Beach Blvd.
>Hallandale Beach, FL 33009
>Telephone: (954) 589-0588
>Facsimile: (954) 337-0666
>scott@scottdowens.com

> Bret L. Lusskin, Jr., Esq.
> Florida Bar No. 28069
> BRET LUSSKIN, P.A.
> 20803 Biscayne Blvd., Ste 302
> Aventura, FL 33180
> Telephone: (954) 454-5841
> Facsimile: (954) 454-5844
> blusskin@lusskinlaw.com
>
> *Attorneys for Plaintiff*

14