UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 14-61543-CIV-ROSENBERG/BRANNON

| | |
|---|---|
| CHRISTOPHER W. LEGG<br>Individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>    v.<br><br>LABORATORY CORPORATION OF<br>AMERICA HOLDINGS,<br><br>     Defendant. | **TO BE FILED UNDER SEAL IF<br>PERMITTED BY THE COURT** |

**PLAINTIFF'S REPLY MEMORANDUM
IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

LabCorp is a $12 billion company that programmed the "cash register" payment system its Patient Service Centers use throughout the U.S. to print debit and credit card receipts that violate FACTA's straightforward truncation requirement ▌

LabCorp opposes this motion not because it has a legitimate basis for arguing the case fails to satisfy Federal Rule 23's requirements, but because it doesn't want to pay the class the statutory damages Congress has decided it must pay if its widespread violation is found to be *willful*. Ironically, LabCorp decries this as "exploitive." In fact, its position is contrary to Congress's decision to keep this law and its enforcement provisions in force, and the courts' recognition that the prohibition LabCorp violated here is a "serious congressional effort to combat" identity theft. *Redman v. Radioshack Corp.,* 768 F.3d 622, 639 (7th Cir. 2014).

In three ways, LabCorp's response confirms that this case presents a textbook case for class treatment, and thus that this motion should be granted.

First, LabCorp does not dispute that this case meets three of the four requirements for certifying a class under Federal Rule 23(a). Specifically, it does not dispute that: (a) the class is so numerous that joinder of all members is impracticable, (b) the class's FACTA claims raises common questions of law or fact, or (c) that Plaintiff's FACTA claim is typical of the class members' FACTA claims, as required by Federal Rule 23(a)(1)-(3) (Opening Brief at 9-12).

Second, although LabCorp claims the class is not ascertainable, its arguments ignore the class definition by pretending it has elements it does not, and by attacking these non-elements with hypotheticals instead of actual class member information. As shown in Plaintiff's opening brief, the class definition is based on objective criteria, which is all the law requires, and LabCorp's records identify the persons who meet those criteria (*see* Opening Brief at 8).

Third, LabCorp's arguments against the adequacy, predominance and superiority



elements are contrary to law, irrelevant, speculative or a combination thereof. Indeed, it devotes much of its response to non-issues, without squarely addressing (let alone refuting) Plaintiff's showing why this case meets Rule 23(a)(4) and (b)(3). As further shown below, this case should join the many other FACTA cases certified for class treatment. (Opening Brief at 3-4, n.2, citing cases, including *Bush v. Calloway Consol. Group River City, Inc.*, No. 10-cv-841, 2012 U.S. Dist. LEXIS 40450 at *33 (M.D. Fla. Mar. 26, 2012) ("Courts routinely find class resolution superior in consumer protection actions, including those brought pursuant to FACTA."))

I. **The Class Meets the Ascertainability Requirement**

   A. **The Actual Class Definition Is Based on Objective Criteria, and the Persons Meeting those Criteria Have Already Been Identified**

The implied "ascertainability" element for class certification simply requires that the class be defined based on objective criteria. *See In re Checking Account Overdraft Litig.*, 286 F.R.D. 645, 651 (S.D. Fla. 2012). Plaintiff's class definition meets this test because it includes:

> All individuals in the U.S. who: (i) made a payment LabCorp patient service center or equivalent (ii) using a debit or credit card, and (iii) for which LabCorp printed a point of sale receipt (iv) that displayed the card expiration date (v) after July 6, 2012.

(Opening Brief at 8). Thus, that should end the inquiry. *Id.* at 651 ("because class membership is defined by objective criteria, the Court finds that the defined class is readily ascertainable."); *see also*, *e.g.*, *Bush*, 2012 U.S. Dist. LEXIS 40450 at *18 (class ascertainable in a FACTA case).

In fact, not only is class "ascertainable" here, but the class members have already been ascertained. As shown in Plaintiff's opening brief, LabCorp's 30(b)(6) witness ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

The only part of the *actual* class definition for which LabCorp challenges ascertainability is the printing of the receipt. It speculates ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2



████████████████████████████████████████████████████ Thus, as is common in FACTA cases, there is no ascertainability issue. *See In re Toys "R" Us Fair and Accurate Credit Trans. Act (FACTA) Litig.*, 300 F.R.D. 347, 366 (C.D. Cal. 2013) ("Other courts addressing motions to certify FACTA classes have generally found that such classes are ascertainable.")

> **B.    LabCorp's Ascertainability Arguments Ignore the Class Definition (Response at 5-6, 11, 14)**

LabCorp quotes Plaintiff's class definition (Response at 4), but then ignores it and suggests it includes criteria it does not include, to argue that it is impossible to ascertain which class members meet the non-criteria ████████████████████████████████████████████████████████████████████████████████████████████████ ██████ None of these criteria are in the definition, and thus they are irrelevant. *See*, *e.g.*, *Mahon v. Chi Title Ins. Co.*, 296 F.R.D. 63, 76 (D. Conn. 2013) ("The court finds the defendant's arguments unpersuasive because they are premised on a misreading of the plaintiff's theory of the case, substituting for the plaintiff's theory of liability with one formulated by the defendant.")

LabCorp is confusing ascertainability with its arguments against Rule 23(b)(3)'s predominance requirement, where it attempts to raise these same alleged issues again. (Response at 12, 15-16). This is common defense tactic, but an improper one because the implied ascertainability requirement is separate and distinct from Rule 23's express requirements:

> a close reading of Defendants' response briefs demonstrates how they continue to conflate ascertainability with the other relevant requirements of Rule 23. We write again to emphasize that at class certification, Rule 23's explicit requirements go beyond and are separate from the ascertainability inquiry. Precise analysis of *relevant* Rule 23 requirements will always be necessary.

*Byrd v. Aaron's, Inc.*, 2015 U.S. App. LEXIS 6190 at *38 (3rd Cir. Apr. 16, 2015) (reversing denial of plaintiff's class certification motion). In short, LabCorp's non-issues are irrelevant.

> **C.    LabCorp's Attempt to Distance Itself from Its Spreadsheet and Employee Testimony Does Not Affect the Class's Ascertainability (Response at 5-8)**

In order to contradict its own witnesses and evidence, LabCorp hired a statistics expert to

3

be a mouthpiece for LabCorp's legal arguments, yet perform no statistical analysis. ████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████████

Instead, it cites an unpublished case, *Ticknor v. Rouse's Enters.*, 2014 U.S. Dist. LEXIS 61371 (E.D. La. May 2, 2014), in which the defendant likewise had no evidence that anyone other than the cardholder used the card. *Ticknor* involved grocery receipts which, *unlike* here, did not state the cardholder name and address. *Ticknor* also assumed the Act did not cover business card purchases which, as discussed below, contradicts the Act's plain text. Plaintiff submits that in addition to facing different facts, *Ticknor* was wrongly decided, is in the minority of courts to deny class certification in a FACTA case, and that its reliance on a speculative concern contradicts the Eleventh Circuit. *See Klay v. Humana, Inc.*, 382 F.3d 1241, 1272-73 (11th Cir. 2004) ("Courts are generally reluctant to deny class certification based on speculative problems…"), *abrogated on other grounds*, *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). In any event, even if "confirming" the cardholder used their own card becomes an issue, the proper course would be to alter the class definition to eliminate the minority of transactions in which the cardholder, patient and responsible party were not the same, not deny certification. *See Hammer v. JP's Southwestern Foods, L.L.C.*, 267 F.R.D. 284, 290 (W.D. Mo. 2010) ("if the Court determines that a more appropriate class definition focuses on the cardholder and not the recipient, the proposed definition can be amended under Rule 23(c)(1)(B)-(C).")

LabCorp also criticizes Plaintiff for not hiring an expert to read its spreadsheet, but it does not and cannot articulate a need for one when its 30(b)(6) witness's uncontroverted testimony shows how to identify the class from the spreadsheet. No expert is needed.

---

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

The statistics expert LabCorp hired, Mr. Stomberg, does not show otherwise. Aside from conceding ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, his report is inadmissible *ipse dixit*, as he does not use any statistical or other method to reach his conclusions. *See United States v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2000) ("If admissibility could be established merely by the ipse dixit of an admittedly qualified expert, the reliability prong would be, for all practical purposes, subsumed by the qualification prong.")[3] Also, his report is based on same erroneous assumptions about the facts, law and the class definition that LabCorp makes in its brief.[4] Plainly, his report is just a supplemental legal brief about ascertainability, and thus is inadmissible for that reason as well. *See Finnerty v. Stiefel Labs., Inc.*, 756 F.3d 1310, 1322, n.9 (11th Cir. 2014) (affirming expert testimony exclusion "because it constituted legal opinion.")

D. **"Standing" Is a Non-Issue; LabCorp's Violation of the Class Members' Right to Not Have Their Information Printed on Receipts Confers Standing**

Finally, LabCorp suggests that class members cannot be ascertained because it is impossible to determine which of them suffered "actual harm," which it claims is necessary for standing. This is another non-issue because LabCorp admits FACTA provides for statutory damages for a willful violation, and does not require proof of actual harm. (Response at 2). Thus, the fact that LabCorp violated the class members' right to not have their card expiration dates printed on their transaction receipts under FACTA is alone sufficient to confer standing:

> 'Congress may create a statutory right or entitlement[,] the alleged deprivation of which can confer standing to sue even where the plaintiff would have suffered no judicially cognizable injury in the absence of statute.' *Warth v. Seldin, 422 U.S. 490, 514, 95 S. Ct. 2197, 2213, 45 L. Ed. 2d 343 (1975)* …. In other words, '[t]he actual or threatened injury required by Art[icle] III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing.' Id. at 500.*

*Palm Beach Golf Center-Boca, Inc. v. Sarris DDS, P.A.*, 781 F.3d 1245, 1251 (11th Cir. 2015).

---

[3] Plaintiff will be filing a separate motion to strike each of LabCorp's expert reports because, among other things, none of them satisfy *Daubert*'s reliability requirement.

[4] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

5

LabCorp notes that the Supreme Court recently granted *certiorari* to decide whether Article III standing requires more than the violation of a statutory right, but the separate question of whether standing is also a class certification issue is not raised in that case. This is because Article III standing is a consideration separate from class certification:

> Defendants also argue that a proposed class is overbroad 'where putative class members lack standing or have not been injured.' Defendants' argument conflates the issues of ascertainability, overbreadth (or predominance), and Article III standing. We have explained that the issue of standing is separate from the requirements of Rule 23.

*Byrd*, 2015 U.S. App. LEXIS 6190 at *29-*30.

Regardless, as *Palm Beach Golf Center* shows, the current law of the land is that the violation of a statutory right alone confers standing, and the unconverted proof here shows that LabCorp printed a receipt for each class member that reveals the expiration date of their debit or credit card, and thus violates the class members' rights under FACTA. 15 U.S.C. §1681c(g)(1). Thus, LabCorp's "standing" argument is also irrelevant and at best is a common class issue since Plaintiff is seeking statutory damages on behalf of the entire class. The class is ascertainable.

## II.   This Case Meets Rule 23(b)(3)'s Predominance Requirement

It is undisputed that the test for predominance is whether the common questions raised in this case have a "direct impact" on each class members' ability to recover. (Opening Brief at 13, *citing Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1357 (11th Cir. 2009)). It is also undisputed that each class member's claim presents at least two common questions: (a) whether LabCorp violated FACTA's requirements by printing a receipt that reveals the expiration date of the class member's debit or credit card, and (b) whether the violation was willful. (Opening Brief at 10, 14). And it is undisputed that these common questions have a direct impact on each class member's claim because their resolution is necessary to determine whether each class member can establish liability and a right to statutory damages. (*Id.*) Thus, LabCorp does not refute Plaintiff's showing that here, as is typical in FACTA cases, common questions predominate. *See In re Toys "R" Us (FACTA) Litig.*, 300 F.R.D. at 376 ("The vast majority of courts outside this district have similarly found that common questions predominate in FACTA class actions.")

Instead of addressing Plaintiff's arguments, LabCorp claims that individual questions will predominate based on the alleged presence of individual issues it claims the Court must resolve to decide the class members' claims. These arguments each fail for two reasons.

First, the alleged individual questions LabCorp raises are non-issues, hypothetical,

6

speculative, or some combination thereof. Rule 23(b)(3) is only concerned with actual issues, not "speculative problems." *See Klay*, 382 F.3d at 1272-73.

Second, even if LabCorp could actually identify genuine individual issues, the mere presence of individual issues does not defeat class certification. Again, Rule 23(b)(3) only requires that common questions to *predominate* over individual questions, not the absence of individual questions. *Klay*, 382 F.3d at 1254 ("it is not necessary that all questions of fact or law be common, but only that some questions are common and that they predominate over individual questions.") LabCorp does not and cannot show why the alleged individual issues it raises would predominate – it just claims they do. Each alleged issue is addressed below.

> A.  The Business/Personal Credit Card Distinction is both a Non-Issue and Cannot Predominate (Response at 8-9)

LabCorp claims some individuals *might* have used business credit cards instead of personal credit cards, and that identifying them is an individual question. This is a non-issue because FACTA does not distinguish between personal credit cards and business credit cards. *Shurland v. Bacci Café & Pizzeria on Ogden, Inc.*, 259 F.R.D. 151, 160-161 (N.D. Ill. 2009) ("the plain language of the Act makes no such distinction.") Instead, FACTA's text requires truncation of "any receipt." 15 U.S.C. §1681c(g)(1); *see also Grabein v. Jupiterimages Corp.*, No. 07-22288, 2008 U.S. Dist. LEXIS 65828, at *8 (S.D. Fla. July 7, 2008) ("**FACTA Applies to Both Business and Consumer Debit Cards**"). In fact, *Shurland* expressly criticizes a case LabCorp cites because, like LabCorp's argument, the case fails to reconcile any such exemption with the statute's plain text. *Shurland*, 259 F.R.D. at 160 ("The opinion itself does not explain the statutory basis for this reasoning."), *citing Najarian v. Avis Rent A Car Sys.*, No. 07-588, 2007 U.S. Dist. LEXIS 59932 at *3 (C.D. Cal. 2007).

However, even if one were to write in an exemption that excluded transactions involving a business credit card, LabCorp offers nothing to show the exclusion would apply to any significant degree here. ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ and *see*, *e.g.*, *In re Toys "R" Us FACTA Litig.*, 300 F.R.D. at 377 ("in all likelihood, the vast majority of purchases were personal (e.g., toys or children's clothing).")

In any event, even if this was a genuine issue, it cannot predominate over the common questions because it would be a simple administrative matter to figure out who used a business

7

card. Indeed, Mr. Stomberg demonstrated ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Alternatively, class members could be given a sworn claim form in which they can confirm their card was personal. *See Boundas v. Abercrombie & Fitch Stores, Inc.*, 280 F.R.D. 408, 417 (N.D. Ill. 2012); *Agne v. Papa John's Int'l*, 286 F.R.D. 559, 566 n.6 (W.D. Wash. 2012). In short, this is a non-issue.

    **B.    Individual Inquires Aren't Needed to Determine if a Receipt Was "Printed" or "Provided" (Response at 6-7)**

LabCorp claims it is an individual question whether it printed and provided a receipt to each class member, but this is not an individual issue, let alone one that might predominate. Instead, this can be proven by common evidence because: ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Thus, no individual inquiry is needed.

LabCorp claims ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ but, as shown on pp.2-3 above ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Similarly, LabCorp's "provided" argument is factually inapt because it is based on the idea that some class members may have declined the receipt. Putting aside that the receipts at issue are not for a cup of coffee, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ nothing in FACTA requires a party to "accept" the receipt provided to them to have a claim (the cases LabCorp cites do not say otherwise). Indeed, that would be contrary to the statute because it would deny a claim to the most vulnerable – those whose receipts are left out of their control. LabCorp's argument is also factually unsupported because it only presents the affidavit of a single employee ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

---

[5] *See, e.g., Vasquez-Torres v. StubHub, Inc.*, No. 07-1328, 2008 U.S. Dist. LEXIS 22503 at *16 (C.D. Cal. Mar. 4, 2008) ("Defendants can easily determine whether the card was used in the name of an individual or corporation."); *In re Toys "R" Us FACTA Litig.*, 300 F.R.D. at 377 ("Mechanisms can be devised to address this issue if there is a liability finding in favor of either class."); *Shurland*, 259 F.R.D. at 161 ("isolating 'consumer' cardholders from entity cardholders is unlikely to prove insurmountable for class identification purposes"); and *Beringer v. Std. Parking Corp.*, No. 07 C 5027, 2008 U.S. Dist. LEXIS 72873 at *16 (N.D. Ill. Sept. 24, 2008) ("the court is not yet persuaded that this problem is insurmountable.")

8

█████████████████████████████████████████████████████████████████████

██████████ LabCorp does not identify a single class member who was not provided with a receipt. By contrast, as shown above, there is common proof to show that all class members were provided with a receipt. Accordingly, the alleged "provided" issue does not preclude a class. *See*, *e.g.*, *Tchoboian v. Parking Concepts, Inc.*, No. 09-422, 2009 U.S. Dist. LEXIS 62122 at *14 (C.D. Cal. July 16, 2009) (issue about whether receipt provided does not bar a class).

C.     Identifying the "Cardholder" Does Not Predominate (Response at 6-8)

LabCorp claims that identifying the cardholder for each transaction is an individual issue but, as shown in the ascertainability discussion on pp. 2-4 above, ████████████████



D.     "Actual Damages" and "Actual Harm" Are Non-Issues Because the Class Only Seeks Statutory Damages (Response at 9, 12-13)

LabCorp claims "actual damages" present individual issues, but it contradicts itself because it notes "[t]his suit only seeks statutory damages." (Response at 9, fn. 51). It also claims that identifying persons with actual damages is an individual issue because the class excludes such persons (Response at 9), but that is false because the class definition does not say that.

It is not necessary to address alleged variations in actual damages or identify persons with such damages because the statute provides for statutory damages *instead of* actual damages when, as here, it is alleged that LabCorp's violation of the statute was willful. *See Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1313 (11th Cir. 2009) ("plaintiffs may elect to receive actual damages *or* statutory damages, but not both.")[6] Moreover, given that statutory damages are at least $100 per person for a willful violation, and further given that LabCorp does not identify a single class member who actually has provable actual damages, Plaintiff would be

---

[6] LabCorp also speculates that the statutory damages due each class member can vary, but even if that were true, potential damages variations do not preclude a class, even in the wake of the *Comcast Corp. v. Behrend* case LabCorp cites. *See Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 800-801 (7th Cir. 2013) (discussing *Comcast*). In any event, as LabCorp admits, a failure to prove damages still entitles class members to at least $100 statutory damages. (Response at 19).

doing the class a disservice if he sought actual damages instead of statutory damages.[7] However, even if it turns out that one or more class members have actual damages greater than the $100-$1000 in statutory damages FACTA allows, and wish to pursue them, they can opt out of the case. *See Miller-Huggins v. Mario's Butcher Shop, Inc.*, No. 09-3774, 2010 U.S. Dist. LEXIS 16493 at *11-*12 (N.D. Ill. Feb. 22, 2010) (argument about actual damages "ha[s] been rejected in other cases because FACTA violations are likely to have caused little provable actual damages and any class member who has suffered substantial actual damages is free to opt out of the class.") (collecting cases). Thus, contrary to LabCorp's claim that "actual damage" issues preclude a class, the fact that the complaint only seeks statutory damages for the entire class further shows that common issues predominate. *See In re Toys "R" Us FACTA Litig.*, 300 F.R.D. at 377 ("Courts have been more willing to find predominance where, as here, the class seeks only statutory damages.") In sum, LabCorp's arguments do not defeat predominance.

**III.    This Case Meets Rule 23(b)(3)'s Superiority Requirement**

LabCorp does not dispute that a class action promotes efficiency and judicial economy: (a) by resolving the common liability and willfulness issues this case presents in one lawsuit instead of requiring multiple courts to preside over discovery for and adjudicate these same issues over and over again in potentially thousands of individual lawsuits; and (b) by ensuring that class members who are unaware of their rights, or who lack the ability or wherewithal to file their own case, will still be able to vindicate their claims. (Opening Brief at 15). Thus, LabCorp does not refute Plaintiff's showing that the superiority requirement is met.

   **A.    LabCorp's Superiority Arguments Are Contrary to Fact and Law
           (Response at 16-17)**

LabCorp tries to imply that the superiority requirement means something different than what the rule says. It suggests that "superiority" means a class action is only proper if there is no realistic alternative to a class action, and then it cites non-binding cases to argue individual actions are "well-incentivized" because FACTA provides for statutory damages, attorneys' fees and costs. This misreads Rule 23. The rule's text only requires a class action to be superior to

---

[7] Ironically, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

10

other methods, not "the only" method. Fed. R. Civ. P. 23(b)(3).

LabCorp boldly claims there is "no benefit" to a class action, but a comparison of individual and class action alternatives plainly shows that a class action is superior for class members. The relief available to each class member is the same in a class action as it is in an individual action – $100-$1000 in statutory damages if the violation is willful, plus attorneys' fees and costs. 15 U.S.C. §1681n. But a class action spares members the need to recognize they have a claim, find a lawyer, and deal with the rigors of discovery and trial on their own. *See Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997). This case demonstrates the inferiority of proceeding individually because discovery has focused on gathering evidence proving LabCorp's violation was willful, and that has required analyzing the more 45,000 pages of documents LabCorp produced, determining which of the more than 50 witnesses (including 3 experts) it identified to depose, fighting LabCorp's overbroad privilege assertions, and taking more than 10 fact depositions. Few class members could find a lawyer wiling to undertake that kind of effort to prove an individual claim worth only $100 to $1000 in statutory damages.

A class action is also superior for the courts because it spares them the need to preside over and decide the common issues this case presents multiple times instead of just once. *See In re Checking Account Overdraft Litig.*, 286 F.R.D. at 659 ("Separate actions by each of the class members would be repetitive, wasteful, and an extraordinary burden on the courts."), *quoting Kennedy v. Tallant*, 710 F.2d 711, 718 (11th Cir. 1983). It would make no sense to require multiple courts to preside over the extensive discovery this case required when this same evidence can be used to resolve the willfulness issue for all claimants in this one case.

LabCorp does not present any good reason to think that individual actions would be superior to a class action for class members or the courts. It just prefers individual actions because most class members will not file suit, allowing it to avoid their claims. But enabling LabCorp to skirt liability for its actions is not a basis for opposing class certification recognized by Rule 23. In short, a class action is plainly superior to individual actions.

> **B.      The Class's Potential Aggregate Statutory Damages Recovery Is Not a Legitimate Basis for Opposing Class Certification (Response at 16).**

LabCorp also argues a class is not superior based on the perverse idea that it should be spared from facing a class action simply because it broke the law so many times it might have to pay a large award. Specifically, it claims a class is not superior because *if* the class proves LabCorp violated FACTA, and *if* the class proves that its violation was willful, then LabCorp

11

could be liable for a minimum statutory damages award of about ███████████ ████████████████████████████████████ (although LabCorp claims the damages must be calculated per class member instead of per transaction, which would be a lot less)),[8] and that this potential award would be unconstitutionally excessive. This argument fails on many fronts. First, it is premature and contrary to the Eleventh Circuit precedent, which holds:

> Once the district court's assumptions are removed, the as-applied excessiveness challenge is not ripe. At this stage in the proceedings it is impossible to know whether the classes will be certified, how many individuals will be included in each class, whether they will prove willfulness, and the size of the ultimate verdicts.

*Harris v. Mexican Specialty Foods, Inc.*, 564 F.3d 1301, 1310 (11th Cir. 2009). Thus, under *Harris*, the issue must be tabled until *after* class certification and the merits are resolved.

Second, LabCorp's argument fails on the facts. The award may be millions of dollars, but LabCorp is worth almost $12 *billion*. (*See* www.morningstar.com/stocks/XNYS/LH/quote .html (last visited 5/28/2015)). This stands in stark contrast to the cases it cites, one involving a local restaurant facing a $4.6 to $46 million liability, and the other a *pro se* defendant. *Leysoto v. Mama Mia I., Inc.*, 255 F.R.D. 693, 698 (S.D. Fla. 2009); *Ehren v. Moon, Inc.*, 2010 U.S. Dist. LEXIS 133085 at *3 (S.D. Fla. Dec. 3, 2010) (granting a default judgment).

Third, LabCorp's argument is contrary to Congressional intent. The Supreme Court holds that class relief is available unless Congress expressly says otherwise, and it has not done so for FACTA. *Hammer*, 267 F.R.D. at 290 ("Class relief under Rule 23 is available for any claim unless Congress has expressly restricted relief. [citation omitted]. Congress has not restricted class relief under FACTA."), *citing Califano v. Yamasaki*, 442 U.S. 682, 700 (1979). Likewise, the appellate courts that discuss the matter explain why a "potentially large award" is not a permissible criteria for evaluating superiority. *See Bateman v. Am. Multi-Cinema, Inc.*, 623 F.3d 708, 721-723 (9th Cir. 2010) ("To limit class availability merely on the basis of 'enormous' potential liability that Congress explicitly provided for would subvert congressional intent."); *Murray v. GMAC Mort. Corp.*, 434 F.3d 948, 953 (7th Cir. 2006) ("The reason that damages can be substantial, however, does not lie in an 'abuse' of Rule 23; it lies in the legislative decision to authorize awards as high as $1,000 per person, 15 U.S.C. §1681n(a)(1)(A), combined with GMACM's decision to obtain the credit scores of more than a million persons.")

LabCorp cites *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246 (11th Cir. 2003) and *Klay*

---

[8] ███████████████████████████████████████ (2nd Lusskin Decl. ¶7, Exh. 4 here).

*v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir. 2004), to argue a class is not superior if potential liability is "enormous and completely out of proportion to any harm" (Response at 17), but neither case denied class certification on that ground. *London* did not reach the issue. *London*, 340 F.3d at 1255 ("we need not reach the remaining issues pending in this appeal.") Likewise, *Klay* only discussed the matter in dicta, and it also noted a large award it is not a concern when, as here, the class must prove the violation was "willful" to recover. *See Klay*, 382 F.3d at 1271 ("Where the defendant's alleged behavior is deliberate or intentional, we have had no problem allowing class actions to proceed.") Also, both *London* and *Klay* predate *Harris*, *Bates* and *Murray*, and neither address the Supreme Court's opinion in *Califano*.

      LabCorp's argument also cannot be squared with *Shady Grove Orthopedic Associates, P.A., v. Allstate Ins. Co.*, 559 U.S. 393 (2010), whose plurality found it "obvious" that plaintiffs may aggregate multiple small claims for statutory damages in a class action, even if it transforms a dispute seeking a $500 penalty into a multimillion dollar case. As Justice Scalia noted:

> [A]ggregate liability, however, does not depend on whether the suit proceeds as a class action. Each of the 1,000-plus members of the putative class could (as [the defendant] acknowledges) bring a freestanding suit asserting his individual claim. It is undoubtedly true that some plaintiffs who would not bring individual suits for the relatively small sums involved will choose to join a class action. That has no bearing, however, on [the defendant's] or the plaintiffs' legal rights. The likelihood that some (even many) plaintiffs will be induced to sue by the availability of a class action is just the sort of "incidental effec[t]" we have long held does not violate § 2072(b).

*Id.* at 408. Justice Stevens' concurrence provides a fifth vote for this holding. *Id.* at 435, n.18. Thus, *Shady Grove* also precludes LabCorp's argument that aggregating statutory damages in a class action is somehow improper. In fact, Rule 23 "creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action." *Id.* at 398.

      Finally, LabCorp suggests statutory damages must be proportional to actual damages, but this argument only applies to punitive damages, not statutory damages. They are not the same because the FCRA allows recovery of both statutory damages and punitive damages for a willful violation. *Harris*, 564 F.3d at 1313. Statutory damages eliminate the need to prove actual damages. *See Bateman*, 623 F.3d at 719. In short, the size of the potential award is irrelevant.

      C.    **"Individual Issues" Will Not Create a Trial Manageability Problem.**

      LabCorp claims a class is not superior because allegedly the individual issues will make trial unmanageable. (Response at 18). This confuses the superiority requirement with the predominance inquiry, but regardless, it is incorrect because, as shown in the discussion of the

predominance element, LabCorp has not identified any significant individual issue. Indeed, it hasn't even identified any triable issues. The *evidence* shows that the following apply on a class wide basis ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ (*See* fn. 1, above).

### IV.    LabCorp Does Not Refute Plaintiff's Showing of Adequacy (Response at 19-20)

LabCorp does not dispute that the test for Rule 23(a)(2)'s adequacy requirement is whether Plaintiff has any "interests antagonistic to the class," and whether his counsel are qualified to represent the class. *Fabricant v. Sears Roebuck & Co., et al.*, 202 F.R.D. 310, 314-15 (S.D. Fla. 2001), *citing Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 726-28 (11th Cir. 1987). Also, it does not address Plaintiff's showing that he meets these requirements because he has the same claim and seeks the same relief as the class members, has no interests antagonistic to their interests, and is represented by experienced class counsel. (Opening Brief at 12).

Instead, LabCorp baselessly speculates Plaintiff and his counsel might have a relationship that might create a conflict with the class. However, Mr. Legg explained he is not employed by or related to his counsel, he was not promised any money for being class representative, and his attorneys will only be paid as directed by the court if the case is successful. (Legg Decl., Exh. 5 to Opening Brief, at ¶14-¶15). LabCorp also notes that Plaintiff has been a party to other class action lawsuits, but that is both a non-issue (*see Murray*, 434 F.3d at 954 ("The district judge did not cite a single decision supporting the proposition that someone whose rights have been violated by 50 different persons may sue only a subset of the offenders.")), and should be a point in his favor as he is knowledgeable about the process and can safeguard the class's rights.

Finally, LabCorp claims Mr. Legg lacks knowledge of or involvement in the case, but that is both a red herring and disingenuous. It is a red herring because "[i]t is well-settled that it is not necessary for named class representatives to be knowledgeable, intelligent or have a firm understanding of the legal or factual basis on which the case rests in order to maintain a class action." *Muzuco v. Re$ubmitIt, LLC*, 297 F.R.D. 504, 517 (S.D. Fla. 2013) (citation omitted) and

14

*citing Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363 (1966) (class certified even though plaintiff did not understand the complaint or know the defendant's name). It is disingenuous because Mr. Legg's testimony demonstrates his extensive knowledge and involvement.[9] In addition to sitting for a deposition, he assisted in responding to written discovery, and gave a declaration in support this motion that demonstrates his understanding and appreciation of his duties to the class. (Legg Decl. at ¶11). Indeed, he has already been found to be an adequate class representative twice.[10]

V.      **LabCorp's Remaining Points Are Irrelevant to Class Certification (Response at 2-3)**

LabCorp lards its brief with matter having no bearing on the test for class certification, apparently hoping this motion will be decided based on something other than the law. However, class certification must be decided in accordance with the requirements of Rule 23. *See Local 703 I.B. of T. Grocery & Food Employees Welfare Fund v. Regions Fin. Corp.*, 762 F.3d 1248, 1253 (11th Cir. 2014) (class certification decision subject to reversal if it is based on "the wrong legal standard" or "applies the law in an unreasonable or incorrect manner.")

For example, LabCorp dwells on the 2007 Clarification Act, a temporary amnesty measure for companies that were violating FACTA after it went into effect in 2006. Significantly, the Clarification Act did *not* eliminate the bar on printing expiration dates on receipts, and thus Congress *chose* to continue that prohibition after the amnesty. This is because expiration dates remain a key piece of information identity thieves can use. *See Redman,* 768 F.3d at 639; *see also* Rebuttal Expert Rep., attached as Exh. 5, at Opinions ¶¶1, 2, 10-19, 36-37.

LabCorp also claims it "remediated" its decade-long violation of the law by finally programming its system to stop printing receipts that violate FACTA (in response to this lawsuit). This is irrelevant because it does not satisfy the class members' claims for statutory damages for past violations. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉ In short, these and the other non-issues LabCorp raises, discussed above, present no barrier to class certification. This motion should be granted.

---

[9] *See* Legg Tr., attached to LabCorp's Response as Exh. B, at 5:16-7:18, 28:4-12, 30:1-20, 46:5-46:17, 51:6-18, 62:22-63:3, 65:25-66:8, 68:17-68:24, 81:21-82:6, 86:25-87:15.

[10] *Legg v. Voice Media Group, Inc.*, 2014 U.S. Dist. LEXIS 61836 at *14 (S.D. Fla. May 5, 2014); *see also Legg v. E-Z Rent a Car, Inc.*, 6:14-cv-1716, ECF No. 64 at p.2, ¶6 (M.D. Fla. May 28, 2015) (Mr. Legg "is particularly well-suited to serve as class representative.")

Respectfully submitted,

By:/s/ *Patrick Crotty*
Patrick C. Crotty, Esq.
Florida Bar No. 0108541
Scott D. Owens, Esq.
*Attorney for Plaintiff and the putative Class*
Florida Bar No. 0597651
SCOTT D. OWENS, P.A.
3800 S. Ocean Drive, Ste. 235
Hollywood, FL 33019
Telephone: 954-589-0588
Facsimile: 954-337-0666
scott@scottdowens.com
patrick@scottdowens.com

Michael S. Hilicki (*pro hac vice*)
Illinois Bar No. 6225170
KEOGH LAW, LTD
55 West Monroe Street
Suite 3390
Chicago, Illinois 60603
Telephone: (312) 726-1092
Facsimile: (312) 726-1093
mhilicki@keoghlaw.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 29, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will be served on all parties and counsel of record via the CM/ECF system.

By:/s/ *Patrick Crotty*
Patrick C. Crotty, Esq.