**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO. 14-61543-CIV-ROSENBERG/BRANNON**

|  |  |
|---|---|
| CHRISTOPHER W. LEGG, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| LABORATORY CORPORATION OF AMERICA HOLDINGS, a Delaware corporation, | ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT LABORATORY CORPORATION OF AMERICA HOLDINGS'
MOTION FOR SUMMARY JUDGMENT ON ALL CLAIMS**

Pursuant to Fed. R. Civ. P. 56, Defendant Laboratory Corporation of America Holdings ("LabCorp"), by and through its undersigned counsel, hereby moves for summary judgment on all of Plaintiff's claims in this action. In support of this motion, LabCorp states as follows:

**I.    INTRODUCTION**

LabCorp is entitled to judgment as a matter of law on all of Plaintiff's claims because he has not suffered an injury-in-fact that is fairly traceable to any LabCorp conduct, and therefore lacks Article III standing to pursue this lawsuit. Plaintiff alleges that LabCorp violated the Fair and Accurate Credit Transactions Act ("FACTA") by willfully printing credit card expiration dates on receipts provided to its customers, and seeks to recover statutory penalties under the Fair Credit and Reporting Act ("FCRA") on behalf of a nationwide class of LabCorp customers. But Plaintiff has suffered *no* harm as a result of his receipt of an allegedly non-compliant receipt.

Plaintiff has not suffered identity theft or credit card fraud, and is not at any increased risk of being a victim of these crimes in the future, because he still has in his possession the LabCorp receipt that was provided. Since Plaintiff has kept it securely in his possession, the receipt has not and will not make it into the hands of a would-be identity thief or fraudster.

Plaintiff's only *claimed* harm – the purported "violation of his rights under FACTA" – is not an injury-in-fact that can give rise to Article III standing. While Congress can create statutory penalties as part of an election of remedies for a victim who has suffered harm from proscribed conduct, it would exceed Congress's authority to enact a statute that circumvents the Constitution's requirement that a plaintiff must first suffer a concrete injury-in-fact before having standing to pursue a claim in court. This very issue is currently being reviewed by the Supreme Court in *Spokeo v. Robins*, and while the Court of Appeals for the Eleventh Circuit has not yet addressed it, the current state of the law in this Circuit warrants denial of Plaintiff's claims here for lack of standing.

## II.  BACKGROUND

Among other things, FACTA prohibits merchants from printing and providing receipts containing certain account information, specifically:

> [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.[1]

Plaintiff claims only that LabCorp printed receipts containing the expiration date – he does not allege that LabCorp printed more than the last five digits of the card number.[2] In fact, the receipt Plaintiff received from LabCorp truncated all but the last four digits of his card number.[3]

---

[1]  15 U.S.C. § 1681c(g)(1).
[2]  Am. Compl. ¶¶ 26, 30-31.
[3]  Transcript of Deposition of Christopher Legg ("Legg Tr.") at 58:3-6 (May 7, 2015) (attached to LabCorp's Opposition to Plaintiff's Motion for Class Certification (D.E. 75), as Exhibit B).

If a merchant negligently violates FACTA's truncation requirements and a consumer suffers actual damages resulting from the violation, the statute allows for recovery of the full amount of those damages plus attorneys' fees.[4] If a merchant is found to have willfully violated FACTA's truncation requirements, the statute allows for each consumer affected to recover *either* the amount of any actual damages sustained by the consumer as a result of the violation *or* statutory damages of $100 to $1,000, plus punitive damages, costs and reasonable attorneys' fees.[5]

Plaintiff has expressly eschewed any recovery of actual damages – stating in his Amended Complaint: "This suit seeks only statutory damages and injunctive relief on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto."[6] Plaintiff's decision is not surprising, as he has made clear that he has not suffered any actual damages as a result of LabCorp's alleged violation, nor has he identified a single class member who has – indeed, the *only* harm Plaintiff claims to have suffered is the purported "violation of his rights under FACTA."[7]

---

[4] 15 U.S.C. § 1681o(a).

[5] 15 U.S.C. § 1681n(a)(1)(A). The statute provides no guidance as to how statutory damages are determined.

[6] Am. Compl. ¶ 54. As noted in LabCorp's Opposition to Motion for Class Certification (D.E. 75), however, Plaintiff's proposed class definition is improper because it does not exclude individuals who may have suffered actual damages, if any exist.

[7] Plaintiff's Amended Responses to LabCorp's First Set of Interrogatories ("Pl.'s Am. Rog. Resp.") at 10 (No. 17) (Apr. 24, 2015) (attached to LabCorp's Opposition to Plaintiff's Motion for Class Certification (D.E. 75), as Exhibit A); *see also* Legg Tr. at 82:25-83:3 ("Q. So that's a full and complete and accurate answer under oath to the interrogatories [number 17], is that right? A. That is correct.").

**III.   ARGUMENT**

Under Article III of the U.S. Constitution, Federal courts may only adjudicate "cases" and "controversies."[8]  "[T]he person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue."[9]  To establish Article III standing, a plaintiff must show:

> (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.[10]

The named plaintiffs in a putative class action bear the burden to "allege and show that they *personally* have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent."[11]  Plaintiff, the only named class representative in this case, cannot do so here.

### A.   Plaintiff Has Not Suffered Any Injury-In-Fact, Let Alone Any Injury That Is Fairly Traceable to LabCorp

Plaintiff has not alleged or suffered any injury-in-fact whatsoever, much less a concrete and particularized injury that is fairly traceable to LabCorp.  The *only* damage of any kind that Plaintiff claims to have suffered is "the violation of his rights under FACTA"[12] which, as discussed below, is not sufficient to grant him Article III standing.  Plaintiff does not claim (because he cannot) that his credit has been compromised or that he has been the victim of

---

[8]  U.S. CONST. art. III, § 2.
[9]  *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990).
[10]  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-181 (2000); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Arizona Christian Sch. Tuition Org. v. Winn.*, 131 S. Ct. 1436, 1442 (2011).
[11]  *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 40 n.20 (1976) (emphasis added; citation omitted).
[12]  Pl.'s Am. Rog. Resp. at 10 (No. 17).  *See also*, Legg Tr. at 82:25-83:3 ("Q. So that's a full and complete and accurate answer under oath to the interrogatories [number 17], is that right?  A. That is correct.").

4

identity theft.[13]  Nor does he claim (because he cannot) to have been the victim of credit card fraud.[14]  Even if Plaintiff had suffered identity theft or credit card fraud, it could not possibly have been attributable to his receipt of an allegedly non-compliant receipt from LabCorp, because he is still in possession of that receipt (he claims that he keeps it in a file cabinet in his office, and has not shown it to anyone other than his lawyers[15]), thus precluding any opportunity for an identity thief or fraudster to obtain it.[16]

While Plaintiff argues that he has been "exposed to an elevated risk of identity theft,"[17] this contention is both factually incorrect and, in any event, not an injury-in-fact sufficient to confer standing under applicable law.  In amending FACTA, Congress explicitly recognized that experts in the field agree that a customer is at no increased risk of identity or credit card theft as a result of receiving a receipt, like LabCorp's, which properly truncates the credit card number, regardless of whether it includes the card expiration date.[18]  Furthermore, even if he was at an

---

[13] Legg Tr. at 83:4-9 ("Q. Have you had your credit, to your knowledge, compromised in any way as a result of getting the receipt on July 3, 2014 from LabCorp which contained the expiration date on your credit card?  A.  Not to my knowledge.").

[14] Legg Tr. at 19:8-17 ("Q.  The card you used for the transaction at LabCorp in July of 2014, that was your Bank of America card, is that right?  A. Yes.  Q. For that card, do you recall having any unauthorized transactions on the card since July of -- since June of 2014?  A. Since then?  Q. Yes.  A. Not that I can recall.'); 83:4-9.

[15] Legg Tr. at 60:22-61:3.

[16] *Friends of the Earth,* 528 U.S. at 180-181 (holding that actual harm must be "fairly traceable" to the conduct of the defendant to confer standing).  Notably, Plaintiff has filed two other FACTA lawsuits in the last two years alleging that the defendants in each printed non-compliant receipts, at least one of which involved the very same credit card Plaintiff used in his transaction with LabCorp.  Legg Tr. at 23:21-24:2 (discussing Plaintiff's FACTA case against Spirit Airlines), 24:18-25:9 (discussing Plaintiff's FACTA case against E-Z Rent-a-Car), 62:5-13 (confirming that Plaintiff used the same card in the Spirit Airlines transaction as in the LabCorp transaction at issue in this case).  The transactions at issue in both of those cases preceded the LabCorp transaction, and Plaintiff testified that he did not ask his credit card provider to cancel his account or issue him a replacement card after those incidents occurred.  Legg Tr. at 23:21-24:12; 25:14-26:6.

[17] Am. Compl. ¶ 68.

[18] The Credit and Debit Card Receipt Clarification Act of 2007, Pub. L. No. 110-241, 122 Stat. 1565 (2008) ("Clarification Act"), § 2(a)(6) ("Experts in the field agree that proper truncation of

increased risk, courts have made clear that a mere "elevated risk of identity theft" is not sufficient to confer Article III standing.[19]

At his deposition, Plaintiff attempted to fabricate standing by claiming that the expense associated with credit monitoring services to which he subscribes are "damages" in this case.[20] This theory of injury-in-fact does not bear even cursory scrutiny. First, Plaintiff acknowledges that he subscribed for these services *before* he received his receipt from LabCorp, so the expense cannot be reasonably connected to his LabCorp receipt.[21] Second, Plaintiff has previously attributed the need for these services to a receipt received from a different defendant in a different FACTA case.[22] Third, the "expense" is unnecessary as to the LabCorp receipt because he has it under lock and key. Fourth, upon being reminded of having signed, under oath, an interrogatory response stating that Plaintiff's damages consisted only of "the violation of his rights under FACTA,"[23] he agreed that this was a complete and accurate description of his "damages." Finally, even if Plaintiff chose to procure credit monitoring services based on his

---

the card number, by itself as required by the amendment made by [FACTA], regardless of the inclusion of the expiration date, prevents a potential fraudster from perpetrating identity theft or credit card theft."); *see also* Declaration of Joel S. Lisker ("Lisker Decl.") at ¶¶ 6-7 (May 1, 2015) (attached to LabCorp's Opposition to Plaintiff's Motion for Class Certification (D.E. 75), as Exhibit C).

[19] *See, e.g.*, *Reilly v. Ceridian Corp.*, 664 F.3d 38, 43 (3d Cir. 2011) (allegations of "increased risk of identity theft" resulting from data breach were "insufficient to secure standing"), *cert. denied*, 132 S.Ct. 2395 (2012); *Randolph v. ING Life Ins. & Annuity Co.*, 486 F. Supp. 2d 1, 7-8 (D.D.C. 2007) (Plaintiffs' claims that they are subject to an increased risk of identity theft and inconvenience as a result of the burglary . . . fail to allege an injury in fact."); *Amburgy v. Express Scripts, Inc*., 671 F. Supp. 2d 1046, 1052-53 (E.D. Mo. 2009) (increased risk of identity theft does not confer standing); *Strautins v. Trustwave Holdings, Inc*., 27 F. Supp. 3d 871, 875-76 (N.D. Ill. 2014) (same); *cf. Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013) ("allegations of *possible* future injury are not sufficient" to establish standing) (emphasis in original) (citation omitted).
[20] Legg Tr. at 79:7-14.
[21] *Id.* at 79:15-17.
[22] *Id.* at 80:18-81:4.
[23] Pl.'s Am. Rog. Resp. at 10 (No. 17). *See also*, Legg Tr. at 82:25-83:3 ("Q. So that's a full and complete and accurate answer under oath to the interrogatories [number 17], is that right? A. That is correct.").

speculative concern that he was at risk of identity theft due to having received his LabCorp receipt, that expense is insufficient to confer standing. Plaintiff "cannot manufacture standing merely by inflicting harm on [himself] based on [his] fears of hypothetical future harm that is not certainly impending."[24]

In sum, Plaintiff's unfounded concern that he may be at an "elevated risk of identity theft" and the actions he has undertaken based on that unfounded concern are not injuries-in-fact sufficient to establish standing. Despite his efforts to conjure an injury-in-fact, the only "harm" Plaintiff has claimed – as he stated twice under oath – is "the violation of his rights under FACTA"[25] which, as discussed below, is no harm at all.

### B. Plaintiff's Alleged Entitlement to Statutory Penalties Does Not Create an Injury-In-Fact or Otherwise Confer Article III Standing

The fact that Plaintiff is only seeking statutory penalties does not relieve him of his burden to prove an injury-in-fact to establish Article III standing. It has long been settled that "Congress cannot erase Article III's standing requirements by statutorily granting the right to sue

---

[24] *Clapper*, 133 S. Ct. at 1151 (rejecting argument that costly and burdensome measures the plaintiff took to avoid hypothetical future harm gave rise to Article III standing); *see also Reilly*, 664 F.3d at 46 ("Appellants' alleged time and money expenditures to monitor their financial information do not establish standing, because costs incurred to watch for a speculative chain of future events based on hypothetical future criminal acts are [not] 'actual' injuries. . . ."); *Randolph,* 486 F.Supp.2d at 8 ("[T]he 'lost data' cases . . . clearly reject the theory that a plaintiff is entitled to reimbursement for credit monitoring services or for time and money spent monitoring his or her credit."); *Hammond v. Bank of N.Y. Mellon Corp.,* No. 08–6060, 2010 WL 2643307, at *4, *7 (S.D.N.Y. June 25, 2010) ("out-of-pocket expenses incurred to proactively safeguard and/or repair their credit" and the "expense of comprehensive credit monitoring" did not confer standing); *Allison v. Aetna, Inc.,* No. 09–2560, 2010 WL 3719243, at *5 n.7 (E.D. Pa. Mar. 9, 2010) (rejecting claims for time and money spent on credit monitoring due to a perceived risk of harm as the basis for an injury in fact).

[25] Pl.'s Am. Rog. Resp. at 10 (No. 17). *See also*, Legg Tr. at 82:25-83:3 ("Q. So that's a full and complete and accurate answer under oath to the interrogatories [number 17], is that right? A. That is correct.").

to a plaintiff who would not otherwise have standing."[26]  Rather, "the requirement of injury in fact is a hard floor of Article III jurisdiction that cannot be removed by statute."[27]  The Supreme Court has "always insisted on strict compliance with th[e] jurisdictional standing requirement."[28]  "In an era of frequent litigation, class actions, sweeping injunctions with prospective effect, and continuing jurisdiction to enforce judicial remedies, courts must be more careful to insist on the formal rules of standing, not less so."[29]

Despite these pronouncements from the Supreme Court, there currently exists a split among federal courts pertaining to whether Congress can manufacture standing by providing for a penalty for a willful violation under the FCRA.  In *Robins v. Spokeo, Inc.*, the Ninth Circuit recently overturned a trial court's decision that a plaintiff must still prove an injury-in-fact in order to have standing to seek the statutory penalties provided under 15 U.S.C. § 1681n.[30]  The Ninth Circuit determined that Congress has the power to create an injury-in-fact by providing statutory penalties even in the absence of any actual harm.[31]  The Eighth Circuit, in a deeply divided opinion that overturned existing precedent from within that circuit, also recently determined that statutory penalties provide standing to a plaintiff, even in the absence of an injury-in-fact.[32]

---

[26] *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997) (citing *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 100 (1979)).
[27] *Summers v. Earth Island Inst.*, 555 U.S. 488, 497 (2009).
[28] *Raines*, 521 U.S. at 819.
[29] *Arizona Christian Sch. Tuition Org. v. Winn.*, 131 S. Ct. 1436, 1449 (2011).
[30] *Robins v. Spokeo, Inc.*, 742 F.3d 409 (9th Cir. 2014), *cert. granted* 135 S.Ct. 1892 (Apr. 27, 2015).
[31] *Id.* at 413-414.
[32] *Hammer v. Sam's East, Inc.*, 754 F.3d 492, 498 (8th Cir. 2014), *cert. denied*, 135 S.Ct. 1175 (2015); *see also Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702 (6th Cir. 2009) (determining that Congress can create an injury-in-fact by way of a statutory penalty), *cert. denied*, 559 U.S. 1092 (2010).

In contrast, a number of federal district courts have determined, in the context of data breach cases where information is accessed but actual identity theft is not alleged (a context similar to the situation here), that the availability of statutory penalties does *not* provide standing for a plaintiff who otherwise has not suffered an injury-in-fact. For example, in *Sterk v. Best Buy Stores, L.P., et. al.*, the plaintiffs, who were alleged victims of a data breach, asserted causes of action against the defendants under the Video Privacy Protection Act ("VPPA"), 18 U.S.C. §2710, et seq., arguing that they had standing to assert their claims despite their lack of an actual injury-in-fact because the VPPA provided for statutory penalties.[33] The court rejected the plaintiffs' argument that the possibility of statutory penalties, by itself, is sufficient to confer standing.[34] In doing so, the court determined that "a plaintiff must plead an injury beyond a statutory violation to meet the standing requirement of Article III . . . . [W]hile Congress is permitted to expand standing to the extent permitted under Article III, Congress cannot abrogate the basic standing requirement that an individual suffer an actual redressible injury-in-fact."[35] Other federal courts have similarly dismissed statutory damages claims (including claims under the FCRA) for lack of standing where the plaintiffs have no injury-in-fact.[36]

The Court of Appeals for the Eleventh Circuit has not addressed the issue of whether an unharmed plaintiff has standing to pursue solely a statutory penalty. Nevertheless, this Court

---

[33] *Sterk v. Best Buy Stores, L.P.*, No. 11 C 1894, 2012 WL 5197901 (N.D. Ill. Oct. 17, 2012).
[34] *Id.* at *5-6.
[35] *Id.* at *5 (citing *Gladstone Realtors*, 441 U.S. at 100).
[36] *See, e.g.*, *Green v. Ebay, Inc.*, Civ. A. No. 14–1688, 2015 WL 2066531, at *3-6 (E.D. La. May 4, 2015) (dismissing FCRA claim for lack of standing in data breach case); *In re Barnes & Noble Pin Pad Litig.*, No. 12–cv–8617, 2013 WL 4759588, at *3 (N.D. Ill. Sept. 3, 2013) ("Plaintiffs must plead an injury beyond a statutory violation to meet the standing requirement of Article III"); *Wersal v. LivingSocial, Inc.*, Civ. No. 13–381 (DWF/FLN), 2013 WL 3871434, at *3 n.4 (D. Minn. 2013) ("While a violation of a statute can create a legal right, the Court is not persuaded that Wersal's claims of statutory violations do not require satisfaction of Article III's standing requirement.").

should follow the other courts that have determined that statutory damages do not, by themselves, abrogate the Constitutional requirement for an injury-in-fact. The U.S. Constitution is the supreme law of the land, and Congress would exceed its authority if permitted to enact statutes that circumvent the Constitution's requirements that a plaintiff must first suffer a concrete injury-in-fact before having the right to pursue a claim in court.  Indeed, in considering the constitutionality of the FCRA's statutory damages provision, the Eleventh Circuit in *Harris v. Mexican Specialty Foods, Inc.* rejected the argument that "only litigants that have not suffered any actual harm will avail themselves of statutory damages," noting that the FCRA allows plaintiffs to "elect to receive actual damages *or* statutory damages, but not both" and envisioning a situation where "a party with actual harm that is difficult to compute will bring a case seeking statutory damages."[37]  The fact that the FCRA provides an election of remedies does not eviscerate the requirement that a plaintiff must suffer some actual harm to have standing to bring a claim.  Only after Article III standing is established can a plaintiff then elect which remedy to seek in a lawsuit.

      Plaintiff incorrectly argued in his Reply Memorandum in Support of Class Certification (D.E. 78) that "the current law of the land is that the violation of a statutory right alone confers standing," misinterpreting a recent Eleventh Circuit decision in *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*[38]  In that case, the court held that a plaintiff who had received an unsolicited fax advertisement in violation of the Telephone Consumer Protection Act (TCPA) had standing to sue even though it had suffered no monetary harm (indeed, there was no evidence that the fax even printed or was seen by anyone), because the unsolicited fax had

---

[37]  564 F.3d 1301, 1313 (11th Cir. 2009) (emphasis in original).
[38]  781 F.3d 1245, 1252 (11th Cir. 2015).

occupied the plaintiff's telephone line and fax machine for a period of one minute.[39] The Court examined the legislative history of the TCPA and determined that its express intent was to prevent the occupation of recipients' fax machines by unsolicited advertisements – in other words, "th[e] occupation of Plaintiff's fax machine [wa]s among the injuries intended to be prevented by the statute. . . ."[40] The Court found that injury "sufficiently personal or particularized . . . as to provide standing."[41] In contrast, the purpose of FACTA is to prevent identity theft,[42] an injury Plaintiff here admits he has not suffered.[43] Unlike the *Palm Beach* Plaintiff, who suffered an actual (albeit brief) disruption of his telephone line and fax service, Plaintiff here has not suffered *any* harm. The mere fact that Congress provided for an election of remedies under FACTA does not grant him standing in the absence of any actual harm.

### C.   LabCorp Has No Objection to the Court Staying the Case Until the Supreme Court Decides *Spokeo v. Robins*

On April 27, 2015, the U.S. Supreme Court granted *certiorari* in *Spokeo* to determine "[w]hether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute."[44] Stated differently, the issue is whether Congress can usurp the U.S. Constitution's requirement for an injury-in-fact by creating damages vis-à-vis a statutory penalty. The statute at issue in *Spokeo* is

---

[39] *Id.* at 1249, 1253.
[40] *Id.* at 1252.
[41] *Id.*
[42]  Clarification Act, §§ 2(a)(7), 2(b); 154 Cong. Rec. H00000-29, 2008 WL 2038627 (May 13, 2008).
[43] Notably, the only case the Eleventh Circuit Court of Appeals has considered involving identity theft involved clear economic injury, and the Court expressly declined to consider whether a plaintiff claiming "the threat of future identity theft" would have Article III standing to pursue a claim.  See *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1323 n.1 (11th Cir. 2012).
[44]  *Spokeo, Inc. v. Robins*, 135 S.Ct. 1892 (2015); Petition for a Writ of Certiorari, No. 13-1339, 2014 WL 1802228 (May 1, 2014).

the same here, Section 1681n of the FCRA, which provides a statutory penalty in the amount of $100 to $1000 for any "willful" violation.[45] Also, like Plaintiff in this case, the plaintiff in *Spokeo* suffered no concrete harm.

Since the U.S. Supreme Court has agreed to address the standing issue in the context of the FCRA during its upcoming term, and because LabCorp believes the resolution of that issue is dispositive of whether the Plaintiff has standing, LabCorp does not object to a stay of the proceedings until the Supreme Court issues its ruling in *Spokeo*. Waiting until the Supreme Court issues its ruling during the next term could have the potential benefit of saving significant resources of the parties and the Court that will be incurred from further, and possibly unnecessary, proceedings.

In addition, a stay would not prejudice Plaintiff or any putative class member or future LabCorp customer. Plaintiff has suffered no harm and is at no risk of future harm from the alleged conduct at issue, and he has not identified a single LabCorp customer who became a victim of fraud, identity theft or any other actual harm after receiving an allegedly non-compliant LabCorp receipt.[46] LabCorp has already made changes to its proprietary transaction processing system to ensure that expiration dates would no longer be printed on its receipts.[47] The parties have completed discovery, so there is no risk of evidence being misplaced or destroyed. The only consequence to a stay, assuming Plaintiff and the putative class members had standing and could prevail on their claims, would be a delay of a matter of months before each class member receives payment of their relatively small statutory penalties.

---

[45] 15 U.S.C. § 1681n(a)(1)(A).
[46] *See* Reply Memorandum in Support of Class Certification at 9-10 (D.E. 78); *cf.* Legg Tr. at 60:9-21 (noting that Plaintiff is not aware of *any* other individuals who even received from LabCorp a receipt containing an expiration date, let alone anyone who suffered actual harm as a result of such receipt).
[47] Transcript of Deposition of David Myers at 10:24-11:4 (Apr. 1, 2015) (attached to LabCorp's Opposition to Plaintiff's Motion for Class Certification (D.E. 75), as Exhibit E*)*.

## IV. CONCLUSION

For the forgoing reasons, LabCorp respectfully requests that the Court grant summary judgment in LabCorp's favor on all of Plaintiff's claims, or alternatively stay this case pending the U.S. Supreme Court's decision in *Spokeo v. Robins*.


Dated: July 1, 2015

Respectfully submitted,

/s/ Carol A. Licko
Carol A. Licko
Florida Bar Number: 435872
carol.licko@hoganlovells.com
Catherine S. Dorvil
Florida Bar Number: 68635
catherine.dorvil@hoganlovells.com
HOGAN LOVELLS US LLP
600 Brickell Avenue
Suite 2700
Miami, FL 33131
Tel:   (305) 459-6500
Fax:   (305) 459-6550

Steven F. Barley (*admitted pro hac vice*)
Elisabeth S. Walden (*admitted pro hac vice*)
HOGAN LOVELLS US LLP
100 International Drive, Suite 2000
Baltimore, MD 21202
Tel:   (410) 659-2700
Fax:   (410) 659-2701
steve.barley@hoganlovells.com

*Counsel for Defendant Laboratory Corporation of America Holdings*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on July 1, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the counsel so indicated below:

Scott David Owens
Patrick C. Crotty
Scott D. Owens P.A.
3800 S. Ocean Drive, Suite 235
Hollywood, FL 33019
scott@scottdowens.com
pcrotty@scottdowens.com

Michael Hilicki
Keogh Law, LTD
55 W. Monroe Street
Suite 3390
Chicago, Illinois 60603
MHilicki@KeoghLaw.com

Bret Leon Lusskin, Jr.
Bret Lusskin, P.A.
20803 Biscayne Blvd.
Suite 302
Aventura, FL 33180
blusskin@lusskinlaw.com

*Counsel for Plaintiff*

                                                          /s/ Carol A. Licko