# APPENDIX 4

*Legg v. E-Z Rent a Car, Inc.*, No. 14-cv-1716
(M.D. Fla. May 28, 2015 Order)

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CHRISTOPHER LEGG,

        Plaintiff,

v.                                         Case No: 6:14-cv-1716-Orl-40DAB

E-Z RENT A CAR, INC.,

        Defendant.
_____/

## PRELIMINARY APPROVAL ORDER

This cause comes before the Court on Plaintiff's Unopposed Motion and Memorandum In Support of Preliminary Approval of Class Action Settlement (Doc. 56), filed March 12, 2015. In light of the Court having been advised that the parties to this action, Christopher Legg (hereinafter "Plaintiff" or "Class Representative"), and EZ-Rent-A-Car, Inc. (hereinafter "EZRAC" or "Defendant"), through their respective counsel, have agreed, subject to Court approval, to settle the above-captioned lawsuit (the "Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement ("Agreement")[1] filed with the Court, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Unopposed Motion and Memorandum In Support of Preliminary Approval of Class Action Settlement (Doc. 56) is **GRANTED**.

2. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

---

1. For purposes of this Order, the Court uses the definitions identified in the Agreement and incorporates them by reference herein (with capitalized terms as set forth in the Agreement).

3. In compliance with the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, Class Counsel will provide confirmation that the Settlement Administrator, KCC, served written notice of the proposed class settlement on the United States Attorney General and other required government officials.

**Settlement Certification**

4. Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following settlement class (hereinafter referred to as the "Settlement Class Members"):

> **All persons within the United States who rented from E-Z Rent A Car, Inc. ("EZRAC") during the relevant class period, May 1, 2012 through May 31, 2014, and who received a closed rental agreement at the termination of the vehicle rental that contained the expiration date of the credit card used to purchase the rental.**

5. Excluded from the Settlement Class are (1) Defendant and its parents, subsidiaries, affiliates, and any of their current officers, directors, and employees; (2) all officers, employees, and agents of Plaintiffs' counsel, counsel of record for Defendants, and their immediate families; and (3) members of the Middle District of Florida judiciary and their immediate families.

6. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily appoints Plaintiff Christopher Legg as Lead Plaintiff and finds that Mr. Legg, who is a member of the Florida Bar in good standing, is particularly well-suited to serve as class representative.

7. Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily appoints Kira Rubel of the Law Offices of Kira M. Rubel and Scott D. Owens of Scott D. Owens, P.A. as Co-lead Class Counsel.

8.　The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23, namely:

　　a.　The Settlement Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

　　b.　There are questions of law and fact common to the Settlement Class Members, which predominate over any individual questions;

　　c.　Plaintiff's claims are typical of the claims of the Settlement Class Members;

　　d.　Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and

　　e.　Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

9.　The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members, especially in light of the benefits to the Settlement Class Members; the strength of Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Settlement Class Members; and the limited amount of any potential total recovery for the class.

**Notice and Administration**

10.     The Court approves the form and substance of the notice of class action settlement described in Section V(A)(d) of the Preliminary Settlement Motion (Doc. 56) and attached to the Motion as Exhibit 2 (Doc. 56-3).  The Court also approves of the short form notice, submitted separately to the Court.  The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice.  The Court finds that the proposed notice is clearly designed to advise the Settlement Class Members of their rights.

11.     The Court appoints KCC as the Settlement Administrator. In accordance with the Agreement, the Settlement Administrator shall cause the completed notices to be mailed to the Settlement Class Members as expeditiously as possible, but in no event later than thirty (30) calendar days after the Court's entry of this Order.

12.     The anticipated costs and expenses to provide notice and to administer this Settlement are estimated to be $94,000.00-104,000.00 and shall be paid by Defendant. Within ten (10) days of the entry of this Order, Defendant shall pay KCC's invoice to pay any reasonable costs incurred by the Settlement Administrator to provide Notice to the Class.

13.     Class Counsel will oversee settlement administration and ensure that, in the instance any mailing or e-mail addresses are found invalid, a skip trace will be employed to ensure that each "wrong address" class member receives notice of his or her benefit.

4

Defendant's counsel may also oversee the notice and settlement administration process as they deem necessary. The parties will use good faith efforts to minimize the costs of notice and settlement administration.

### **Settlement Fund**

14. The Court approves and orders the creation of the settlement award, in the form of EZ-Money points to be given to each and every class member, and as described more fully in the Agreement. The settlement award will remain subject to the continuing jurisdiction of this Court for eighteen (18) months after final approval.

### **Exclusion**

15. Any Settlement Class Member who desires to be excluded from the class may do so by sending an email to the Settlement Administrator. The email shall give (1) the full name and address of the person wishing to be excluded from the class and (2) include in the subject line the word "Exclusion." The class member will be required to do so no later than sixty (60) days from the date the Settlement Administrator mails notice to the Settlement Class Members.

16. All potential Settlement Class Members who do not timely and properly exclude themselves from the Settlement Class shall be bound by all proceedings, orders, and judgments in the action, and all their claims shall be dismissed with prejudice and released as provided for in the Settlement and Release Agreement, and even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims as defined in the Settlement and Release Agreement.

17. The Court requires the Settlement Administrator to file proof of mailing of the Notice at or before the Fairness Hearing, along with the Opt-Out List, which shall be a list of all persons who timely and properly requested exclusion from the Settlement Class, and an affidavit attesting to the accuracy of the Opt-Out List.

**Objections**

18. Any Settlement Class Member who wishes to object to the Settlement must file a written objection with the Court thirty (30) days prior to the date of the Final Approval Hearing. The objection must state (a) the full name and address of the person objecting; (b) the words "Notice of Objection" or "Formal Objection," (c) set forth the legal and factual arguments supporting the objection, and (d) whether he or she intends to appear at the Fairness Hearing on his or her own behalf or through counsel. Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement.

19. **Further, any such Settlement Class Member must, within the same time period, provide a copy of the written objection to Class Counsel and Defendant's Counsel.**

20. Any Settlement Class Member who desires to intervene in the instant action must file the appropriate motion and paper thirty (30) days prior to the date of the Final Approval Hearing.

21. The parties may depose any objector after providing notice to the Court. The notice shall indicate whether the objector is represented by counsel or is appearing *pro se*. No deposition of an objector shall last more than four (4) hours without leave of Court.

**Fairness Hearing**

22. The Court shall conduct a hearing (the "Fairness Hearing") on September 25, 2015, at the United States District Courthouse, Middle District of Florida, Orlando Division, 401 W. Central Blvd., Orlando, Florida 32801, before the Honorable Paul G. Byron in Courtroom 4B, commencing at 2:00 p.m., to review and rule upon the following issues:

    a. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Federal Rule of Civil Procedure 23;

    b. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members and should be approved by the Court;

    c. Whether the Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

    d. To discuss and review other issues as the Court deems appropriate.

23. Settlement Class Members need not appear at the Fairness Hearing or take any other action to indicate their approval of the proposed class action settlement. Settlement Class Members wishing to be heard, however, are required to indicate in their written objection whether or not they intend to appear at the Fairness Hearing.

24. Submissions by the parties, including memoranda in support of the proposed settlement, petitions for attorney's fees and reimbursement of costs and expenses by Class Counsel, shall be filed with the Court no later than fourteen (14) days before objections are due.

25. Within thirty (30) days after the Fairness Hearing, the Court shall enter a Final Order and Judgment as it deems appropriate regarding all issues.

26. The Agreement and this Order shall be null and void if any of the following occur:

    a. The Agreement is terminated by any of the parties, or any specified condition to the settlement set forth in the Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the parties;

    b. The Court rejects, in any material respect, the Final Order and Judgment substantially in the form and content attached to the Agreement and/or the parties fail to consent to the entry of another form of order in lieu thereof;

    c. The Court rejects any component of the Agreement, including any amendment thereto approved by the parties; or

    d. The Court approves the Agreement, including any amendment thereto approved by the parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

27. If the Agreement and this Order are voided, then the Agreement shall be of no force and effect and the parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this Order never entered.

**Injunction**

28. Pursuant to 28 U.S.C. § 1651 and Federal Rule of Civil Procedure 23, the Court hereby bars and enjoins all Settlement Class Members, unless and until they have timely and properly excluded themselves from the Settlement Class, (a) from filing,

commencing, prosecuting, intervening in, or participating as a plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the action and/or the released claims;

(b) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any Settlement Class Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, connected with, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the action and/or the released claims; and

(c) from attempting to effect an opt-out or exclusion of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in the action and/or the released claims.

29. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

**DONE AND ORDERED** in Orlando, Florida on May 28, 2015.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

9