UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-61543-CIV-ROSENBERG/BRANNON

| | |
|---|---|
| CHRISTOPHER W. LEGG, individually and on behalf of all others similarly situated, <br><br>         Plaintiff, <br><br> v. <br><br> LABORATORY CORPORATION OF AMERICA HOLDINGS, a Delaware corporation, <br><br>         Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, DIRECTING NOTICE TO THE SETTLEMENT CLASS, AND SCHEDULING FAIRNESS HEARING**

WHEREAS, this matter has come before the Court pursuant to a Joint Motion for Entry of an Order Granting Preliminary Approval of Settlement and Approving the Form and Method of Notice to the Class (the "Motion"); and

WHEREAS, the Court finds that it has jurisdiction over this action and each of the parties for purposes of settlement; and

WHEREAS, this Court has considered all of the submissions related to the Motion, and is otherwise fully advised in the premises;

IT IS HEREBY ORDERED THAT:

**I.  PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

1. The terms of the Settlement Agreement and Release, dated on or about October 22, 2015, including all Exhibits thereto (the "Agreement"), attached to the Motion, are hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. This Order incorporates herein, and makes a part hereof, the Agreement, including all Exhibits thereto. Unless otherwise provided herein, the terms defined in the Agreement shall have the same meanings herein. The Agreement was entered into only after extensive arm's-length negotiations by experienced counsel and with the assistance and oversight of Mediator Eric Green. The Court finds that the settlement embodied in the Agreement (the "Class Settlement") is sufficiently within the range of reasonableness so that notice of the Settlement should be given as provided in paragraphs 7 and 8 of this Order. In making this determination, the Court has considered the current posture of this litigation and the risks and benefits to the parties involved in both settlement of these claims and continuation of the litigation.

**II.  THE CLASS, REPRESENTATIVES, AND CLASS COUNSEL**

2. The Settlement Class is defined as follows:

> All individuals in the U.S. who: (i) made a payment at a Laboratory Corporation of America Holdings ("LabCorp") patient service center or equivalent (ii) using a debit or credit card, and (iii) for which LabCorp printed a point of sale receipt (iv) that displayed the card expiration date (v) between July 6, 2012 and the date of this order.

Excluded from the Settlement Class is any individual who properly opts out of the Settlement Class pursuant to the procedure described herein.

3. The Court preliminarily finds that the proposed Settlement Class meets all the applicable requirements of FED. R. CIV. P. 23(a) and (b)(3), and hereby certifies the Settlement

Class for settlement purposes only. The Court hereby preliminarily finds, in the specific context of this Class Settlement, that:

      a. Numerosity.

The Settlement Class consists of hundreds of thousands of members located throughout the United States, and satisfies the numerosity requirement of FED. R. CIV. P. 23(a). Joinder of these widely-dispersed, numerous Settlement Class Members into one suit would be impracticable.

      b. Commonality.

Common questions of law and fact with regard to the alleged conduct of LabCorp exist for each of the members of the Settlement Class. These issues are central to this case and are sufficient to establish commonality.

      c. Typicality.

Plaintiff has claimed during this litigation that receipts issued by LabCorp for point-of-sale credit and debit card transactions displayed the card expiration date in willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, as amended by the Fair and Accurate Credit Transactions Act ("FACTA"), Pub. L. 108–159, specifically 15 U.S.C. § 1681c(g). As a result, Plaintiff alleged that he and other similarly situated individuals were entitled to statutory and punitive damages, injunctive relief, and attorneys' fees and costs. These claims are typical of the members of the Settlement Class and, therefore, the element of typicality is satisfied.

      d. Adequate Representation.

Plaintiff's interests do not conflict with those of absent Class Members. Additionally, this Court recognizes the experience of Class Counsel Michael Hilicki, Bret Leon Lusskin, Jr., Scott David Owens, and Patrick Christopher Crotty, and finds under FED. R. CIV. P. 23(g) that the requirement for adequate representation of the Settlement Class has been fully met.

  e. Predominance of Common Issues.

Plaintiff has raised common issues of whether LabCorp printed receipts that were non-compliant with FACTA's truncation requirements for all of the Settlement Class Members and, if so, whether LabCorp did so willfully. In the context of this Class Settlement, these issues predominate over any individual questions, favoring class treatment.

  f. Superiority of the Class Action Mechanism.

The class action mechanism is ideally suited for treatment of the settlement of this matter. Class certification promotes efficiency and uniformity of judgment, among other reasons, because the many Settlement Class Members will not be forced to separately pursue claims or execute settlements in various courts around the country.

  4. The designated representative for the Settlement Class is Christopher W. Legg.

Based, *inter alia*, upon the Court's familiarity with the claims and parties and the negotiation process overseen by Mediator Eric Green, the Court preliminarily finds that Mr. Legg is an appropriate representative for settlement purposes. The Court finds that Mr. Legg made a payment at a LabCorp patient service center, after July 6, 2012, using a credit card for which LabCorp printed a point of sale receipt that displayed the card expiration date.

  5. The Court further preliminarily finds that the following counsel fairly and adequately represent the interests of the Settlement Class and hereby appoints them as Class Counsel pursuant to FED. R. CIV. P. 23(g):

> Michael Hilicki
> Keogh Law LTD
> 55 W. Monroe Street
> Suite 3390
> Chicago, IL 60603
>
> Bret Leon Lusskin, Jr.
> Bret Lusskin, P.A.
> 20803 Biscayne Blvd.

>Ste. 302
>Aventura, FL 33180
>
>Scott David Owens
>Patrick Christopher Crotty
>Scott D. Owens, P.A.
>3800 S. Ocean Drive
>Suite 235
>Hollywood, FL 33019

6. If the Agreement is terminated or is not consummated for any reason whatsoever, the certification of the Settlement Class shall be void, and Plaintiff and LabCorp shall be deemed to have reserved all of their rights as set forth in the Agreement, including but not limited to the issues related to all claims, defenses, and issues under FED. R. CIV. P. 23.

**III.   NOTICE TO CLASS MEMBERS**

7. The Court has considered the Class Notice, attached as Exhibits B-C to the Agreement, including the proposed forms of notice, Summary Notice, Full Notice, and Settlement Claim Certification Form, and finds that the forms, content, and manner of notice proposed by the Parties and approved herein meet the requirements of due process and FED. R. CIV. P. 23(c) and (e), are the best notice practicable under the circumstances, constitute sufficient notice to all persons entitled to notice, and satisfy the Constitutional requirements of notice. The Court approves the Notice Program in all respects (including the proposed forms of notice, Summary Notice, Full Notice, and Settlement Claim Certification Form) and orders that notice be given in substantial conformity therewith. The Notice Program described in the Agreement shall commence on or about November 13, 2015. The costs of preparing, printing, publishing, mailing and otherwise disseminating the notice shall be paid from the Settlement Fund in accordance with the Agreement.

8. The Court appoints Kurtzman Carson Consultants, LLC (KCC) as Claims Administrator. Responsibilities of the Claims Administrator shall include the following: (a)

disseminating information, including the Class Notice, to Settlement Class Members concerning settlement procedures in the manner provided in the Notice Program; (b) receiving opt-out forms and documentation and processing and tabulating opt-out requests; and (c) receiving, processing, classifying, and paying claims as provided in the Agreement and pursuant to any applicable orders of this Court.

## IV.    REQUEST FOR EXCLUSION FROM THE CLASS

9. A member of the Settlement Class who wishes to be excluded from the Settlement Class shall mail a written notice of exclusion to the Claims Administrator, so that it is postmarked no later than January 19, 2015 (the "Opt-Out Deadline"), and shall clearly state the following: (a) their name; (b) physical address; and provide all such information as may be required by the Agreement or requested by the Claims Administrator. In addition, the Settlement Class Member requesting exclusion shall include a signed certification containing the following language:

> [Settlement Class Member Name] hereby requests to be excluded from the settlement in *Legg v LabCorp* and understands that he/she will not be entitled to receive any proceeds of the class Settlement Fund.
>
> The undersigned individual states that he/she is the above-named class member or has authority to sign and submit this request on that person's behalf.

10. Any Settlement Class Member who submits a valid request for exclusion as set forth in paragraph 9 above shall not be bound by the Agreement, or the Order of Final Approval. Upon receipt, the Claims Administrator shall promptly provide copies of each notice of exclusion to Class Counsel and Counsel for LabCorp.

11. Any Settlement Class Member who does not properly and timely mail a notice of exclusion as set forth in paragraph 9 above shall be automatically included in the Settlement

Class, and shall be bound by all the terms and provisions of the Agreement, and the Order of Final Approval, whether or not such Settlement Class Member received actual notice or shall have objected to the Class Settlement and whether or not such Settlement Class Member makes a claim upon or participates in the Class Settlement.

**V.    PROOFS OF CLAIM**

12.    To effectuate the Agreement and Class Settlement, and the provisions of the Notice Program, the Claims Administrator shall be responsible for the receipt of all notices of exclusion and Settlement Claim Certification Forms. The Claims Administrator shall preserve (on paper or transferred into electronic format) all notices of exclusion, Settlement Claim Certification Forms, and any and all other written communications from Settlement Class Members in response to the Class Notice for a period of five (5) years, or pursuant to further order of the Court. All written communications received by the Claims Administrator from Settlement Class Members relating to the Agreement shall be available at reasonable times for inspection and copying by Class Counsel and Counsel for LabCorp, including prior to payments being mailed to each Class Member.

13.    In order to be entitled to participate in the Class Settlement, if effected in accordance with all of the terms and conditions set forth in the Agreement, each Settlement Class Member shall take the following actions and be subject to the following requirements:

A.    A Settlement Class Member who wishes to receive a distribution from the Settlement Fund must submit a properly executed Settlement Claim Certification Form to the Claims Administrator on or before the Claims Deadline of January 25, 2016. If such Settlement Claim Certification Form is submitted by mailing via the United States Postal Service to the address indicated in the Class Notice, it shall be deemed to have been submitted as of the date postmarked. If such Settlement Claim Certification Form is transmitted in any manner other

than the United States Postal Service, it shall be deemed to have been submitted on the date it is actually received by the Claims Administrator;

   B. Each completed Settlement Claim Certification Form must contain the following information: (a) the Settlement Class Member's name; (b) physical address; (c) phone number (optional); (d) e-mail address to the extent they have one; and (e) an attestation that the Settlement Class Member made a purchase by debit or credit card at a LabCorp location to the best of their knowledge and belief.  If the Settlement Claim Certification Form is executed by a person acting in a representative capacity, that person must attest that he or she is acting on behalf of a Settlement Class Member and that he or she has authority to act on behalf of the Settlement Class Member.

   C. Each Settlement Claim Certification Form shall be submitted to and reviewed by the Claims Administrator, who shall make a recommendation to Class Counsel about which claims should be allowed in whole or in part;

   D. The Claims Administrator will notify each Settlement Class Member who filed a Settlement Claim Certification Form of any recommendation of disallowance, in whole or in part, of the Settlement Claim Certification Form submitted by such Settlement Class Member and will set forth the reasons for any such disallowance. Settlement Class Members shall be permitted a reasonable period of time to cure any deficiency with respect to their respective Settlement Claim Certification Form that is identified. A copy of such notification shall also be sent by the Claims Administrator to Class Counsel;

   E. All Settlement Class Members who do not submit a timely Settlement Claim Certification Form, or submit a Settlement Claim Certification Form that is disallowed and not cured, shall be barred from participating in the Class Settlement (except to the extent that

a Settlement Claim Certification Form may be partially allowed) but otherwise shall be bound by all of the terms and provisions of the Agreement; and

       F.    Each Settlement Class Member who submits a Settlement Claim Certification Form shall thereby expressly submit to the jurisdiction of the Court with respect to the claims submitted and shall (subject to final approval of the Agreement and Class Settlement) be bound by all the terms and provisions of the Agreement.

## VI. CONFIDENTIALITY

14.    Any information received by the Claims Administrator that pertains to a particular Settlement Class Member, or information submitted in conjunction with a notice of exclusion (other than the identity of the entity requesting exclusion), shall not be disclosed to any other person or entity other than Class Counsel, Counsel for LabCorp, and the Court, and shall otherwise be treated as provided for in the Agreement.

## VII. FAIRNESS HEARING

15.    A hearing on final settlement approval (the "Fairness Hearing") will be held on February 16, 2016 at 9:00 a.m. before this Court, at the United States District Court for the Southern District of Florida, 701 Clematis Street, Fourth Floor, Courtroom 2, West Palm Beach, Florida, to consider, inter alia, the following: (a) the adequacy of the Class Representative and whether the Settlement Class should be finally certified; (b) the fairness, reasonableness and adequacy of the Class Settlement; (c) the dismissal with prejudice of the Litigation; (d) whether Class Counsel's application for attorneys' fees, expenses, and compensation for the Class Representative (the "Fee Petition") should be granted; (e) whether to approve the proposed plan of allocation and distribution; and (f) whether to finally approve the Agreement, including the terms therein concerning release of claims by the Settlement Class and each of the Settlement Class Members.

16. On or before February 1, 2016, Class Counsel shall file with the Court: (i) any memoranda or other materials in support of final approval of the Agreement and Class Settlement; and (ii) any Fee Petition.

17. Any Settlement Class Member who has not filed a notice of exclusion in the manner set forth above may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court. However, no person shall be heard in opposition to the Class Settlement, dismissal or the Fee Petition, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless filed with the Court and served upon counsel listed below in Paragraph 18 on or before January 25, 2016.  Such person must (a) file with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition and any documentation in support of such opposition on or before January 25, 2016, and (b) serve copies of such notice, statement, and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon all counsel listed below in Paragraph 24 on or before January 25, 2016. Settlement Class Members who object in the manner and by the dates provided herein shall be subject to the jurisdiction of this Court. Settlement Class Members who fail to object in the manner and by the dates provided herein shall be deemed to have waived and shall forever be foreclosed from raising any such objections.

18. Counsel for the Parties who must be served with all documentation described above in Paragraph 17 are as follows:

> Counsel for the Settlement Class
>
> Michael Hilicki
> Keogh Law LTD
> 55 W. Monroe Street
> Suite 3390
> Chicago, IL 60603

<u>Counsel for LabCorp</u>

Steven F. Barley
Elisabeth S. Walden
Hogan Lovells US LLP
100 International Drive, Suite 2000
Baltimore, MD 21202

19.     The date and time of the Fairness Hearing shall be set forth in the Notice and Summary Notice, but shall be subject to adjournment by the Court without further notice to the Settlement Class Members other than that which may be posted at the Court, on the Court's website, and/or the website to be established pursuant to the Notice Program.

20.     Any Settlement Class Member may hire an attorney at his or her or its own expense to appear in the action. Such attorney shall serve a Notice of Appearance on the Counsel listed in Paragraph 18 above by February 8, 2016, and file it with the Court on or before February 8, 2016.

21.     Pending Final Approval, no Settlement Class Member, either directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the Settlement Class), shall commence, continue or prosecute against any LabCorp Releasee any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released upon Final Approval pursuant to the Agreement, and are hereby enjoined from so proceeding. Upon Final Approval, all Settlement Class Members who do not file a timely notice of exclusion shall be forever enjoined and barred from asserting any of the matters, claims, or causes of action released pursuant to the Agreement, and any such Settlement Class Member shall be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Agreement.

## VIII.   OTHER PROVISIONS

22. Upon Final Approval, each and every term and provision of the Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Order and Judgment as if expressly set forth and shall have the full force and effect of an Order of the Court.

23. In the event the Class Settlement is terminated in accordance with the provisions of the Agreement, the Class Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Agreement, and without prejudice to the status quo ante rights of Plaintiff and LabCorp.

24. Neither this Order nor the Agreement, nor any documents or statements related thereto, shall constitute any evidence or admission of liability by any Party, nor shall any such document or statement be offered in evidence in this or any other proceeding except to consummate or enforce the Agreement or the terms of this Order, or by any Party in connection with any action asserting Released Claims.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 4th day of November, 2015.

_____
Robin L. Rosenberg
United States District Judge