# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

## CASE NO. 14-61543-CIV-ROSENBERG/BRANNON

| | |
|---|---|
| CHRISTOPHER W. LEGG, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| LABORATORY CORPORATION OF AMERICA HOLDINGS, a Delaware corporation, | ) ) ) ) |
| Defendant. | ) ) |

## FINAL ORDER APPROVING SETTLEMENT, APPROVING PROPOSED ALLOCATION OF SETTLEMENT FUNDS, APPROVING CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES, EXPENSES AND INCENTIVE AWARD FOR CLASS REPRESENTATIVE AND FINAL JUDGMENT

This Court having considered: (a) the Settlement Agreement and Release, dated on or about October 22, 2015, including all Exhibits thereto (the "Agreement"), between the Plaintiff, Christopher W. Legg, on behalf of himself and the Settlement Class (as defined therein) and Laboratory Corporation of America Holdings ("LabCorp"); (b) the proposed allocation and distribution of funds among the Settlement Class; and (c) Class Counsel's application for attorneys' fees, expenses, and an incentive award for the Class Representative; and having held a hearing on February 16, 2016, and having considered all of the submissions and arguments with respect thereto, and otherwise being fully informed in the premises, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

1. This Order of Final Approval and Judgment incorporates herein and makes a part hereof, the Agreement, including all Exhibits thereto. Unless otherwise provided herein, the terms as defined in the Agreement shall have the same meanings for purposes of this Final Order and Judgment.

2. The Court has personal jurisdiction over the Class Representative, Settlement Class Members, and LabCorp for purposes of this settlement only, and has subject matter jurisdiction to approve the Agreement.

3. Based on the record before the Court, including all submissions in support of the Class Settlement set forth in the Agreement, objections and responses thereto, as well as the Agreement itself, the Court hereby certifies the following nationwide class (the "Settlement Class") for settlement purposes only:

> All individuals in the U.S. who: (i) made a payment at a Laboratory Corporation of America Holdings ("LabCorp") patient service center or equivalent (ii) using a debit or credit card, and (iii) for which LabCorp printed a point of sale receipt (iv) that displayed the card expiration date (v) between July 6, 2012 and the Preliminary Approval Date.

Excluded from the Settlement Class is any individual who properly opted out of the Settlement Class pursuant to the procedure described in the Agreement and this Court's Amended Order Granting Preliminary Approval of Settlement, Directing Notice to the Settlement Class, and Scheduling Fairness Hearing (D.E. 211, "Preliminary Approval Order").

In so holding, the Court finds that the prerequisites of FED. R. CIV. P. 23(a) and (b)(3) have been satisfied for certification of the Settlement Class for settlement purposes: Settlement Class Members, numbering in the thousands, are so numerous that joinder of all members is

impracticable; there are questions of law and fact common to the Settlement Class; the claim of the Class Representative is typical of the claims of the Settlement Class Members he represents; the Class Representative has fairly and adequately protected the interests of the Settlement Class with regard to the claims he represents; the common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a nationwide class settlement; and the certification of the Settlement Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of the Litigation.

In making all of the foregoing findings, the Court has exercised its discretion in certifying the Settlement Class, based, *inter alia*, upon the Court's familiarity with the claims and parties and the negotiation process overseen by Mediator Eric Green.

4. The record shows that Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the terms of the Agreement and Class Settlement, and Settlement Class Members' right to object to or exclude themselves from the Settlement Class and appear at the Fairness Hearing held on February 16, 2016, (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process and FED. R. CIV. P. 23.

5. No individuals or entities, other than the twelve individuals listed on <u>Exhibit A</u> hereto, have excluded themselves from the Settlement Class. This Order shall have no force or effect on the persons or entities listed on <u>Exhibit A</u> hereto.

6. The Court finds that extensive arm's-length negotiations have taken place in good faith between Class Counsel and Counsel for LabCorp resulting in the Agreement.

7. The Court finds that the designated Class Representative is an appropriate representative for settlement purposes. The Court finds that Mr. Legg made a payment at a LabCorp patient service center, after July 6, 2012, using a credit card for which LabCorp printed a point of sale receipt that displayed the card expiration date.

8. The Court has considered all of the factors enumerated in FED. R. CIV. P. 23(g) and finds that Class Counsel have fairly and adequately represented the interests of the Settlement Class.

9. Pursuant to FED. R. CIV. P. 23(e), the Court hereby finally approves in all respects the Class Settlement set forth in the Agreement (the "Class Settlement") and finds that the Class Settlement, the Agreement, and the plan of distribution as set forth in Section III.E of the Agreement, are, in all respects, fair, reasonable and adequate, and in the best interest of the Settlement Class.

10. The Parties are hereby directed to implement and consummate the Class Settlement according to the terms and provisions of the Agreement.[1] In addition, the Parties are authorized to agree to and adopt such amendments and modifications to the Agreement that (i) are consistent in all material respects with this Order of Final Approval and Judgment, and (ii) do not limit the rights of the Settlement Class. The claims against LabCorp on behalf of the

---

[1] At the fairness hearing on February 16, 2016, the Court was advised that 289 Settlement Class Members had submitted their claims late, but that no party objected to allowing these Settlement Class Members to receive a pro rata share of the net settlement fund. Accordingly, the Court, in the exercise of its discretion, hereby directs the Claims Administrator to treat the claims of these 289 Settlement Class Members as timely filed for the purpose of determining who should receive a distribution from the net settlement fund.

Settlement Class in the Litigation are hereby dismissed with prejudice and without costs to any party, except as otherwise provided herein.

11. Upon the Effective Date of the Agreement, the Settlement Class, and each Settlement Class Member, shall release and forever discharge the LabCorp Releasees (as defined in Section II.N of the Agreement) from their respective Released Claims (as defined in Section II.U of the Agreement), consistent with Section VI of the Agreement.

12. Nothing in this Order of Final Approval and Judgment, the Class Settlement, the Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by LabCorp or any LabCorp Releasee.

13. Class Counsel have moved pursuant to FED. R. CIV. P. 23(h) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

    (a) that the Class Settlement confers substantial benefits on the Settlement Class Members;

    (b) that the value conferred on the Settlement Class is immediate and readily quantifiable (upon this Judgment becoming Final (as defined in the Agreement), Settlement Class Members who have submitted valid Settlement Claim Certification Forms will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the Fair and Accurate Credit Transactions Act ("FACTA"));

    (c) that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d) that the Class Settlement was obtained as a direct result of Class Counsel's advocacy;

(e) that the Class Settlement was reached following extensive negotiation between Class Counsel and Counsel for LabCorp, and was negotiated in good-faith and in the absence of collusion;

(f) that during the prosecution of the claims in the Litigation, Class Counsel incurred expenses at least in the amount of $59,689.29, which included costs for expert witnesses and other expenses which the Court finds to be reasonable and necessary to the representation of the Settlement Class;

(g) that Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees in an amount of up to $3,666,667, plus reimbursement of reasonable costs and expenses incurred in the prosecution of the Litigation, to be paid from the Settlement Fund;

(h) that no member of the Settlement Class[2] has submitted a written objection to the award of attorneys' fees and expenses, or other settlement terms;

(i) that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a

---

[2] The Court finds that objectors Steven Helfand, Sam A. Miorelli and Debbie Bosse (AKA Debbie Hasen, AKA Debbie Hansen) are not members of the Settlement Class and therefore lack standing to object to the Settlement, that Ms. Bosse's objection is untimely because it was filed on January 29, 2016, and thus after the January 25, 2016 deadline set by the Court, and that in any event the objections should be overruled in substance, for the reasons stated in class counsel's response to their submissions. [ECF No. 222]. The Court also notes that neither of Ms. Bosse's attorneys filed an appearance in this matter, or appeared at the fairness hearing. Finally, the Court recognizes that Sam A. Miorelli and Steven Helfand have withdrawn their objections, and thus their objections, [ECF Nos. 212 and 214], are a nullity.

whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 866, 900 n.16 (1984); and

    (j) the requested fee award is consistent with other fee awards in this Circuit; *See Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295–96 (11th Cir.1999) (affirmed class attorneys' award of 33.3%) and *e.g., Wolff v. Cash 4 Titles*, No. 03-cv-22778, 2012 WL 5290155, at *6 (S.D. Fla. Sept. 26, 2012) (collecting cases and concluding that 33% is consistent with the market rate in class actions).

  Accordingly, Class Counsel are hereby awarded $3,666,667.00 from the balance of the Settlement Fund as their fee award, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement, with interest from the date of the funding of the Settlement Fund to the date of payment, at the same net interest rate earned by the Settlement Fund. Further, Class Counsel are hereby awarded $59,689.29 for their expenses which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement. Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses that are awarded amongst and between Class Counsel.

  14. The Class Representative, as identified in the Preliminary Approval Order, is hereby compensated in the amount of $10,000 for his efforts in this case.

  15. Without affecting the finality of this Order of Final Approval and Judgment, the Court retains continuing and exclusive jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Agreement and of this Order of Final Approval and Judgment, to protect and effectuate this Order of Final Approval and Judgment, and

for any other necessary purpose. The Class Representative, all Settlement Class Members, and LabCorp are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding or dispute arising out of or relating to the Agreement or the applicability of the Agreement, including the Exhibits thereto, and only for such purposes. Without limiting the generality of the foregoing, and without affecting the finality of this Order of Final Approval and Judgment, the Court retains exclusive jurisdiction over any such suit, action, or proceeding. Solely for purposes of such suit, action, or proceeding, to the fullest extent they may effectively do so under applicable law, the parties hereto are deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

16. No Settlement Class Member, either directly, representatively, or in any other capacity (other than a Settlement Class Member who validly and timely elected to be excluded from the Settlement Class), shall commence, continue, or prosecute any action or proceeding against any or all of the LabCorp Releasees in any court or tribunal asserting any of the Released Claims defined in the Agreement, and are hereby permanently enjoined from so proceeding.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 18th day of February, 2016.

_____
Robin L. Rosenberg
United States District Judge

# EXHIBIT A

INDIVIDUALS THAT HAVE PROPERLY EXCLUDED THEMSELVES FROM THE SETTLEMENT CLASS IN ACCORDANCE WITH THE
AMENDED ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT, DIRECTING NOTICE TO THE SETTLEMENT CLASS, AND SCHEDULING FAIRNESS HEARING
DATED NOVEMBER 10, 2015 (ECF No. 211)

1. Lori Bartlett
2. Katia Cattaneo
3. Erin E. Decesare
4. Norm A. Ehle
5. Roxanne Gant
6. Diana Gudkova
7. Cheryl Hinsvark
8. Michael E. Lilly
9. Ruben Martinez
10. Constance Rossi
11. Linda C. Swartzkopf
12. Karen E. Tate